# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　**2. PLEASE TYPE OR PRINT**　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership | S.D.N.Y. | Katherine Polk Failla |

| | Date the Order or Judgment Appealed from was Entered on the Docket: | District Court Docket No.: |
|---|---|---|
| v.<br><br>Hui Qin | 10/11/22 (Judgment) | 21-cv-09221 |

| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal? |
|---|---|---|
| | 4/28/2023 | ☐ Yes ☑ No |

| **Attorney(s) for Appellant(s):**<br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:　Address:　　Telephone No.:　　Fax No.:　　E-mail:<br><br>Amiad Kushner, Seiden Law LLP　322 8th Ave, Suite 1704, New York, NY 10001 (646)-766-1914, no fax number, akushner@seidenlaw.com |
|---|---|
| **Attorney(s) for Appellee(s):**<br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:　Address:　　Telephone No.:　　Fax No.:　　E-mail:<br><br>Geoffrey Sant, Pillsbury Winthrop Shaw Pittman LLP　31 West 52nd Street , New York, NY 10019 (212)-858-1743, (212)-858-1500, geoffrey.sant@pillsburylaw.com |

| Has Transcript Been Prepared? | Approx. Number of Transcript Pages:<br><br>Not Applicable | Number of Exhibits Appended to Transcript:<br><br>Not Applicable | Has this matter been before this Circuit previously? ☐ Yes ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:　　Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party<br>☑ Federal question (U.S. not a party) | ☐ Diversity<br>☐ Other (specify): ____ |

| 2. Appellate Jurisdiction | |
|---|---|
| ☑ Final Decision | ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b)) |
| ☐ Interlocutory Decision Appealable As of Right | ☐ Other (specify): ____ |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [x] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [x] Judgment / Decision of the Court
- [x] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**

- [x] Damages:
  - [ ] Sought: $ _____
  - [x] Granted: $ Appx. $443 M
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [x] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [x] Arbitration
- [x] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**

- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [x] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**

- [x] Yes
- [ ] No

Will appeal raise a matter of first impression?

- [x] Yes
- [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [x] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [x] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [x] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: 5/11/2023 | Signature of Counsel of Record: /s/ Amiad Kushner |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

## ADDENDUM A

**1. Nature of the Action**

Petitioners-Appellees initiated this action in the United States District Court for the Southern District of New York (the "District Court") against Respondent-Appellant, seeking recognition of an arbitration award issued by the China International Economic and Trade Arbitration Commission (the "Award").

Petitioners-Appellees moved for summary judgment confirming the Award pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). 9 U.S.C. §§ 201-208. Respondent-Appellant opposed the motion on multiple grounds, including that the Award was unenforceable under Article V(1)(b) of the New York Convention because Respondent-Appellant was not given proper notice of the arbitration proceedings or the appointment of the arbitrator.

The District Court granted summary judgment to Petitioners-Appellees and entered a final judgment (the "Judgment") confirming the Award. Thereafter, Respondent-Appellant moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Judgment (the "Rule 60(b) Motion"). The District Court denied the Rule 60(b) Motion.

**2. Result Below**

The District Court granted summary judgment to Petitioners-Appellees and entered a final judgment confirming the Award. The District Court denied Respondent-Appellant's Rule 60(b) Motion.

**3. Notice of Appeal and Docket Sheet**

The Notice of Appeal and a current copy of the District Court's docket sheet are attached hereto as Exhibits A and B, respectively.

**4. Orders and Judgment Forming the Basis for this Appeal**

The District Court's order granting summary judgment, the Judgment, and the District Court's order denying the Rule 60(b) Motion are attached as Exhibits C, D, and E, respectively.

## ADDENDUM B

**Issues to be Raised on Appeal**

1.     Whether the District Court erred in holding that Respondent-Appellant had not established a defense to enforcement of the Award under Article V(1)(b) of the New York Convention based upon Respondent-Appellant's contentions that he was not given proper notice of the arbitration proceedings or the appointment of the arbitrator.

<u>Standard of Review.</u>  A district court's decision to confirm an arbitration award is reviewed *de novo* "to the extent it turns on legal questions;" any findings of fact are reviewed for "clear error." *Duferco International Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003).

2.     Whether the District Court erred in holding that Respondent-Appellant had not established that he was prejudiced by any due process failure related to notice of the arbitration proceedings or the appointment of the arbitrator.

<u>Standard of Review.</u>  A district court's decision to confirm an arbitration award is reviewed *de novo* "to the extent it turns on legal questions;" any findings of fact are reviewed for "clear error." *Duferco International Steel Trading v. T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003).

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
Huzhou Chuangtai Rongyuan Investment          :
Management Partnership, Huzhou Huihengying     :
Equity Investment Partnership, and Huzhou      :          1:21:cv-09221-KPF
Huirongsheng Equity Investment Partnership,    :
                                               :
                        Petitioners,           :
                                               :
            -v.-                                :
                                               :
Hui Qin,                                       :
                                               :
                        Respondent.            :
                                               :
-------------------------------------------------------------------x

## NOTICE OF APPEAL

Notice is hereby given that Respondent Hui Qin ("Respondent") appeals to the United States Court of Appeals for the Second Circuit from the judgment entered by the Clerk of this Court on October 11, 2022 (ECF 46) (the "Judgment"), including this Court's decision and order entered on September 26, 2022 (ECF 44) that is referenced in the Judgment, and this Court's order entered on March 31, 2023 (ECF 134) denying Respondent's motion for relief from the Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Dated: April 28, 2023

                            SEIDEN LAW LLP


                    By: ___/s/ Amiad Kushner_____
                        Amiad Kushner
                        Xintong Zhang
                        322 Eighth Ave, Suite 1704
                        New York, NY 10001
                        646-766-1914
                        akushner@seidenlaw.com
                        xzhang@seidenlaw.com

                        *Counsel for Respondent Hui Qin*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of April, 2023, copies of the foregoing

Notice of Appeal were served via the Court's CM/ECF system to all counsel and parties

receiving electronic notice of pleadings filed in this case.


By: _____/s/ Xintong Zhang_____
      Xintong Zhang
      SEIDEN LAW LLP
      322 Eighth Ave, Suite 1704
      New York, NY 10001
      646-766-1914
      xzhang@seidenlaw.com

      *Counsel for Respondent Hui Qin*

# Exhibit B

RECAP Actions

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:21-cv-09221-KPF

Huzhou Chuangtai Rongyuan Investment Management Partnership
et al v. Qin
Assigned to: Judge Katherine Polk Failla
Cause: 09:207 Application for order confirming award of
arbitrators

Date Filed: 11/08/2021
Date Terminated: 10/11/2022
Jury Demand: None
Nature of Suit: 896 Other Statutes:
Arbitration
Jurisdiction: Federal Question

**Petitioner**

| | | |
|---|---|---|
| **Huzhou Chuangtai Rongyuan Investment Management Partnership** | represented by | **Carol Lee** |

represented by

**Carol Lee**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10036
212-858-1000
Fax: 212-858-1500
Email: carol.lee@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Geoffrey R Sant**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
212-858-1000
Fax: 212-858-1500
Email: geoffrey.sant@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Hugh M. Ray , III**
Pillsbury Winthrop Shaw Pittman LLP
Two Houston Center
909 Fannin Suite 2000
Houston, TX 77010
713-276-7600
Fax: 713-276-7673
Email: hugh.ray@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Andrew C. Smith**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
212-858-1743
Fax: 212-858-1500
Email: andrew.smith@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Huzhou Huihengying Equity Investment Partnership**

represented by **Carol Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Geoffrey R Sant**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hugh M. Ray , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew C. Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Petitioner**

**Huzhou Huirongsheng Equity Investment Partnership**

represented by **Carol Lee**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Geoffrey R Sant**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hugh M. Ray , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Andrew C. Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Movant**

**Xue & Associates, P.C.**

represented by **Benjamin B. Xue**
Xue & Associates, P.C.
1 School Street, Suite 303A
Glen Cove, NY 11542
(212)-219-2275
Fax: (212)-219-2276
Email: benjaminxue@xuelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Hui Qin**

represented by **Amiad Moshe Kushner**
Seiden Law Group LLP

322 Eighth Avenue
Suite 1704
New York, NY 10001
212-523-0686
Email: akushner@seidenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin B. Xue**
(See above for address)
*TERMINATED: 11/18/2022*
*LEAD ATTORNEY*

**Andrew Jacob Sklar**
Seiden Law Group LLP
469 Seventh Ave.
Ste 5th Fl.
New York, NY 10018
818-631-3739
Email: andrew.sklar@us.kwm.com
*TERMINATED: 12/14/2022*

**Jennifer Hilda Blecher**
Sullivan & Cromwell, LLP (NYC)
125 Broad Street
New York, NY 10004
(212) 558-4000
Fax: (212) 291-9457
Email: blecherj@sullcrom.com
*ATTORNEY TO BE NOTICED*

**Xintong Zhang**
Seiden Law Group LLP
322 8th Avenue
Suite 1704
New York, NY 10001
917-993-4337
Email: xzhang@seidenlaw.com
*ATTORNEY TO BE NOTICED*

**Objector**

**Seiden Law LLP**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/08/2021 | 1 | PETITION TO CONFIRM AND ENFORCE ARBITRATION. (Filing Fee $ 402.00, Receipt Number ANYSDC-25304996).Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 2 | NOTICE of Petition to Confirm Arbitral Award re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment |

| | | |
|---|---|---|
| | | Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Zhejiang Zhongtai Chuangxin Investment Management Co., Ltd. for Huzhou Chuangtai Rongyuan Investment Management Partnership. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Tibet Wuwei Asset Management Co., Ltd. for Huzhou Huihengying Equity Investment Partnership. Document filed by Huzhou Huihengying Equity Investment Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 5 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Tibet Wuwei Asset Management Co., Ltd. for Huzhou Huirongsheng Equity Investment Partnership. Document filed by Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 6 | MEMORANDUM OF LAW in Support re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 7 | DECLARATION of Carol Lee in Support re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A Arbitral Award, # 2 Exhibit B Certified Translation of the Arbitral Award, # 3 Exhibit C Capital Increase Agreement with Chuangtai Rongyuan, # 4 Exhibit D Certified Translation of the Capital Increase Agreement with Chuangtai Rongyuan, # 5 Exhibit E Capital Increase Agreement with Huirongsheng, # 6 Exhibit F Certified Translation of the Capital Increase Agreement with Huirongsheng, # 7 Exhibit G Capital Increase Agreement with Huihengying, # 8 Exhibit H Certified Translation of the Capital Increase Agreement with Huihengying, # 9 Exhibit I Supplemental Agreement, # 10 Exhibit J Certified Translation of the Supplemental Agreement).(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 8 | CIVIL COVER SHEET filed..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/08/2021 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Hui Qin, re: 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 11/08/2021) |
| 11/09/2021 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Katherine Polk Failla. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 11/09/2021) |
| 11/09/2021 | | Magistrate Judge Kevin Nathaniel Fox is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the |

| | | |
|---|---|---|
| | | necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 11/09/2021) |
| 11/09/2021 | | Case Designated ECF. (pc) (Entered: 11/09/2021) |
| 11/09/2021 | 10 | ELECTRONIC SUMMONS ISSUED as to Hui Qin..(pc) (Entered: 11/09/2021) |
| 11/09/2021 | 11 | ORDER: Accordingly, it is hereby ORDERED that Petitioners shall move for confirmation of the arbitral award in the form of a motion for summary judgment - in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the Southern District of New York - by December 8, 2021. Respondents opposition, if any, is due on January 5, 2022. Petitioners reply, if any, is due January 19, 2022. Petitioners shall serve the petition upon Respondent electronically and by overnight mail no later than November 16, 2021, and shall file an affidavit of such service with the Court no later than November 23, 2021. (Motions due by 12/8/2021., Responses due by 1/5/2022, Replies due by 1/19/2022.) (Signed by Judge Katherine Polk Failla on 11/9/2021) (rro) Modified on 11/15/2021 (rro). (Entered: 11/09/2021) |
| 11/09/2021 | | Set/Reset Deadlines: Responses due by 1/5/2022 Replies due by 1/19/2022. (rro) (Entered: 11/15/2021) |
| 11/11/2021 | 12 | NOTICE OF APPEARANCE by Geoffrey R Sant on behalf of Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 11/11/2021) |
| 11/11/2021 | 13 | NOTICE OF APPEARANCE by Carol Lee on behalf of Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Lee, Carol) (Entered: 11/11/2021) |
| 11/23/2021 | 14 | CERTIFICATE OF SERVICE of Petition to Confirm and Enforce Foreign Arbitral Award and For Entry of Judgment and accompanying papers served on Hui Qin on 11/16/2021. Service was made by Mail and EMail. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Lee, Carol) (Entered: 11/23/2021) |
| 12/08/2021 | 15 | MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 12/08/2021) |
| 12/08/2021 | 16 | MEMORANDUM OF LAW in Support re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*. . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 12/08/2021) |
| 12/08/2021 | 17 | RULE 56.1 STATEMENT. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 12/08/2021) |
| 12/10/2021 | 18 | CERTIFICATE OF SERVICE of Motion for Summary Judgment papers (ECF Nos. 15, 16, and 17) served on Hui Qin. Service was made by Mail (12/10/2021) and EMail (12/8/2021). Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Lee, Carol) (Entered: 12/10/2021) |

| 01/04/2022 | 19 | NOTICE OF APPEARANCE by Benjamin B. Xue on behalf of Hui Qin..(Xue, Benjamin) (Entered: 01/04/2022) |
|---|---|---|
| 01/04/2022 | 20 | LETTER MOTION for Extension of Time *to Oppose Motion for Summary Judgment and Petition* addressed to Judge Katherine Polk Failla from Benjamin B. Xue dated January 4, 2022. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 01/04/2022) |
| 01/05/2022 | 21 | ORDER granting 20 Letter Motion for Extension of Time. Application GRANTED. Respondent shall file his opposition to Petitioners' motion for summary judgment on or before April 5, 2022. Petitioners shall file their reply, if any, on or before April 19, 2022. The Clerk of Court is directed to terminate the motion at docket entry 20. (Signed by Judge Katherine Polk Failla on 1/5/2022) (rro) (Entered: 01/05/2022) |
| 01/05/2022 | | Set/Reset Deadlines: Responses due by 4/5/2022 Replies due by 4/19/2022. (rro) (Entered: 01/05/2022) |
| 01/06/2022 | 22 | SUMMONS RETURNED EXECUTED Summons and Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration, served. Hui Qin served on 12/23/2021, answer due 1/13/2022. Service was accepted by Hui Qin. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership; Huzhou Huirongsheng Equity Investment Partnership; Huzhou Huihengying Equity Investment Partnership..(Lee, Carol) (Entered: 01/06/2022) |
| 01/06/2022 | 23 | CERTIFICATE OF SERVICE served on Hui Qin on December 27, 2021. Service was made by FEDEX. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Lee, Carol) (Entered: 01/06/2022) |
| 02/08/2022 | | Magistrate Judge Jennifer Willis is so redesignated. (wb) (Entered: 02/08/2022) |
| 04/05/2022 | 24 | LETTER MOTION for Leave to File Excess Pages *for Memorandum of Law in Opposition to MSJ* addressed to Judge Katherine Polk Failla from Benjamin B. Xue dated April 5, 2022. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 04/05/2022) |
| 04/05/2022 | 25 | LETTER addressed to Judge Katherine Polk Failla from Geoffrey Sant dated April 5, 2022 Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 04/05/2022) |
| 04/05/2022 | 26 | ORDER granting 24 Letter Motion for Leave to File Excess Pages. The Court is in receipt of Respondent's above letter. The Court does not appreciate that Respondent has waited until the day his brief is due to request permission to file a brief that exceeds this Court's standard page limit, especially in light of the fact that Respondent has had Petitioners' opening brief since December 8, 2021. (See Dkt. #16). Nonetheless, given the issues identified above, the Court will allow Respondent to file a memorandum of law of no more than 30 pages. The Clerk of Court is directed to terminate the motion at docket entry 24. (Signed by Judge Katherine Polk Failla on 4/5/2022) (rro) (Entered: 04/05/2022) |
| 04/05/2022 | 27 | RESPONSE to 1 Petition to Compel/Confirm/Modify/Stay/Vacate Arbitration,. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 04/05/2022) |
| 04/05/2022 | 28 | MEMORANDUM OF LAW in Opposition re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*. . Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A CIETAC Rules, # 2 Exhibit Exhibit B: EU v. EU, # 3 Exhibit Exhibit C: CEEG v Lumos, # 4 Exhibit Exhibit D: Guide on NY Convention).(Xue, Benjamin) (Entered: 04/05/2022) |

| 04/05/2022 | 29 | DECLARATION of Cheng, Chi Chung in Opposition re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*.. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A: List of Cinemas).(Xue, Benjamin) (Entered: 04/05/2022) |
|---|---|---|
| 04/05/2022 | 30 | DECLARATION of Peng Yu in Opposition re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*.. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 04/05/2022) |
| 04/05/2022 | 31 | DECLARATION of Zhang Hai Yang in Opposition re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*.. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 04/05/2022) |
| 04/05/2022 | 32 | COUNTER STATEMENT TO 17 Rule 56.1 Statement. Document filed by Hui Qin.. (Xue, Benjamin) (Entered: 04/05/2022) |
| 04/05/2022 | 33 | DECLARATION of Qin Hui in Opposition re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*.. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A First Application, # 2 Exhibit Exhibit B Li Yong, # 3 Exhibit Exhibit C Liu Lan Fang, # 4 Exhibit Exhibit D Sun Xiao Ming, # 5 Exhibit Exhibit E Tao Xiuming, # 6 Exhibit Exhibit F Second Application, # 7 Exhibit Exhibit G 12.11.20 Ruling, # 8 Exhibit Exhibit H Objections, # 9 Exhibit Exhibit I CIETAC articles).(Xue, Benjamin) (Entered: 04/05/2022) |
| 04/06/2022 | 34 | MEMO ENDORSEMENT on re: 25 Letter, filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership. ENDORSEMENT: Petitioners may file a reply brief of no more than 15 pages. (Signed by Judge Katherine Polk Failla on 4/6/2022) (rro) (Entered: 04/06/2022) |
| 04/19/2022 | 35 | REPLY MEMORANDUM OF LAW in Support re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*. . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 04/19/2022) |
| 04/19/2022 | 36 | REPLY re: 32 Counter Statement to Rule 56.1 /*PETITIONERS' REPLY TO RESPONDENT'S RESPONSES TO PETITIONERS' RULE 56.1 STATEMENTS OF MATERIAL FACTS*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 04/19/2022) |
| 04/19/2022 | 37 | DECLARATION of Carol Lee in Support re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*.. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B).(Sant, Geoffrey) (Entered: 04/19/2022) |
| 04/19/2022 | 38 | DECLARATION of Lening Liu in Support re: 15 MOTION for Summary Judgment / *Notice of Motion for Summary Judgment*.. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit 1).(Sant, Geoffrey) (Entered: 04/19/2022) |
| 04/21/2022 | 39 | LETTER MOTION for Leave to File Sur-reply addressed to Judge Katherine Polk Failla from Benjamin B. Xue dated April 21, 2022. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 04/21/2022) |

| 04/22/2022 | 40 | LETTER addressed to Judge Katherine Polk Failla from Geoffrey Sant dated April 22, 2022 Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 04/22/2022) |
| --- | --- | --- |
| 04/26/2022 | 41 | ORDER denying 39 Letter Motion for Leave to File Document. The Court is in receipt of Respondent's April 19, 2022 letter (Dkt. #38) and Petitioners' above responsive letter. Respondent's application for leave to file a sur-reply is DENIED. If the Court finds that supplemental briefing or oral argument would aid in its resolution of Petitioners' motion, it will inform the parties at that time. The Clerk of Court is directed to terminate the motion at docket entry 39. (Signed by Judge Katherine Polk Failla on 4/26/2022) (ate) (Entered: 04/26/2022) |
| 05/03/2022 | 42 | NOTICE OF APPEARANCE by Amiad Moshe Kushner on behalf of Hui Qin..(Kushner, Amiad) (Entered: 05/03/2022) |
| 05/03/2022 | 43 | NOTICE OF APPEARANCE by Xintong Zhang on behalf of Hui Qin..(Zhang, Xintong) (Entered: 05/03/2022) |
| 09/26/2022 | 44 | OPINION AND ORDER re: 15 MOTION for Summary Judgment / Notice of Motion for Summary Judgment filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership. For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the foreign arbitration award is GRANTED. The Clerk of Court is directed to terminate the motion at docket entry 15. Petitioners are hereby directed to submit a proposed judgment, consistent with the CIETAC Award, within fourteen days. That judgment shall calculate all amounts in U.S. dollars, converted from Renminbi as of the date of submission. See Comm'ns Imp. Exp. S.A. v. Republic of the Congo, No. 14 Misc. 187 (AJN), 2020 WL 4040753, at *2 (S.D.N.Y. July 17, 2020) (noting that, under New York law, the "judgment... shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree" (citing N.Y. Jud. Law § 27(b)). SO ORDERED. (Signed by Judge Katherine Polk Failla on 9/26/2022) (va) (Entered: 09/27/2022) |
| 10/05/2022 | 45 | PROPOSED JUDGMENT. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/05/2022) |
| 10/11/2022 | 46 | JUDGMENT: It is HEREBY ORDERED, ADJUDGED, AND DECREED: That for the reasons stated in the Courts Opinion and Order dated September 26, 2022 (Dkt. #44), the Award of the CIETAC Tribunal dated April 22, 2021 ("CIETAC Award") (Dkt. #7-2) is CONFIRMED; and JUDGMENT IS HEREBY ENTERED on the CIETAC Award in favor of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership ("Chuangtai Rongyuan"), Huzhou Huihengying Equity Investment Partnership ("Huihengying"), and Huzhou Huirongsheng Equity Investment Partnership ("Huirongsheng") and against Respondent Hui Qin ("Qin") as follows: For money damages in favor of Petitioners in the following aggregate amounts(representing the totals granted in the Award as calculated below): Judgment for Petitioner Chuangtai Rongyuan: $148,648,643.71, plus ongoing contractual daily interest of $29,311.88. Judgment for Petitioner Huihengying: $147,428,491.49, plus ongoing contractual daily interest of $29,348.48.Judgment for Petitioner Huirongsheng: $147,382,728.28, plus ongoing contractual daily interest of $29,350.67. For specific performance, ordering Qin to transfer the 5% of equity in Chengdu Run Yunheld by Qin and Shenzhen SMI Shengdian Cultural and Media Group Co., Ltd. to thePetitioners, to be evenly distributed among the Petitioners. This judgment shall accrue post-judgment interest as mandated in |

| | | 28 U.S.C. § 1961. (Signed by Judge Katherine Polk Failla on 10/11/2022) (rro) Transmission to Finance Unit (Cashiers) for processing. (Entered: 10/11/2022) |
|---|---|---|
| 10/12/2022 | 47 | LETTER MOTION for Leave to File Unredacted Award and Supplemental Agreement addressed to Judge Katherine Polk Failla from Benjamin B. Xue dated October 12, 2022. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 10/12/2022) |
| 10/13/2022 | 48 | ORDER granting 47 Letter Motion for Leave to File Document. The Court is in receipt of Respondent's above letter. Petitioners are hereby ORDERED to produce unredacted copies of the CIETAC Award (Dkt. 7-1) and its English translation (Dkt. #7-2) as well as the Supplemental Agreement (Dkt. #7-9) and its English translation (Dkt. #7-10) to Respondent on or before October 27, 2022. The Clerk of Court is directed to terminate the motion at docket entry #47. (Signed by Judge Katherine Polk Failla on 10/13/2022) (rro) (Entered: 10/13/2022) |
| 10/13/2022 | 49 | MOTION / NOTICE OF MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership.. (Smith, Andrew) (Entered: 10/13/2022) |
| 10/13/2022 | 50 | MEMORANDUM OF LAW in Support re: 49 MOTION / NOTICE OF MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS . . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/13/2022) |
| 10/13/2022 | 51 | DECLARATION of Carol Lee in Support re: 49 MOTION / NOTICE OF MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS .. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit 1 Email thread, # 2 Exhibit 2 Response received from Duo Liu dated December 16, 2021, # 3 Exhibit 3 Certified translation, # 4 Exhibit 4 Response received from Duo Liu dated January 4, 2022).(Lee, Carol) (Entered: 10/13/2022) |
| 10/13/2022 | 52 | AFFIDAVIT of CHRISTOPHER WEIL in Support re: 49 MOTION / NOTICE OF MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS .. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/13/2022) |
| 10/13/2022 | 53 | MOTION to Expedite *NOTICE OF MOTION TO EXPEDITE MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/13/2022) |
| 10/13/2022 | 54 | MOTION to Expedite *MOTION TO EXPEDITE MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/13/2022) |
| 10/14/2022 | 55 | MEMO ENDORSEMENT granting in part and denying in part 53 Motion to Expedite; granting in part and denying in part 54 Motion to Expedite. ENDORSEMENT: The Court |

| | | is in receipt of Petitioners' motion to dissolve Rule 62(a)'s 30-day automatic stay of collection proceedings (Dkt. #49) and accompanying papers (Dkt. #50-52). The Court is also in receipt of Petitioners' above motion to expedite the briefing of the dissolution motion. Recognizing that the dissolution motion will become moot on November 10, 2022, Petitioners' motion to expedite is GRANTED IN PART. Respondent shall file any opposition to the dissolution motion on or before October 24, 2022. Petitioners shall file their reply on or before October 26, 2022. The Clerk of Court is directed to terminate the motions at docket entries 53 and 54. (Signed by Judge Katherine Polk Failla on 10/14/2022) (rro) (Entered: 10/14/2022) |
|---|---|---|
| 10/14/2022 | | Set/Reset Deadlines: Responses due by 10/24/2022 Replies due by 10/26/2022. (rro) (Entered: 10/14/2022) |
| 10/18/2022 | 56 | DECLARATION of Carol Lee re: 51 Declaration in Support of Motion,, . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit 2 (Redacted) Response received from Duo Liu dated December 16, 2021, # 2 Exhibit 3 (Redacted) Certified translation).(Lee, Carol) (Entered: 10/18/2022) |
| 10/19/2022 | 57 | LETTER MOTION to Seal addressed to Judge Katherine Polk Failla from Andrew C. Smith dated 10/19/2022. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/19/2022) |
| 10/19/2022 | 58 | ORDER granting 57 Letter Motion to Seal. Application GRANTED. The Clerk of Court is directed to maintain Exhibits 2 and 3 to docket entry 51 under seal, viewable only to the parties and the Court. The Clerk of Court is further directed to terminate the motion at docket entry 57. (Signed by Judge Katherine Polk Failla on 10/19/2022) (rro) (Entered: 10/20/2022) |
| 10/24/2022 | 59 | CERTIFICATE OF SERVICE of unredacted copies in accordance with the Court's Order (Dkt. No. 48). Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Lee, Carol) (Entered: 10/24/2022) |
| 10/25/2022 | 60 | REPLY MEMORANDUM OF LAW in Support re: 49 MOTION / NOTICE OF MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS . . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 10/25/2022) |
| 10/28/2022 | 61 | ORDER granting 49 Motion re: 49 MOTION / NOTICE OF MOTION TO DISSOLVE AUTOMATIC STAY OF PROCEEDINGS TO COLLECT JUDGMENT BY PETITIONERS . It is hereby ORDERED that the automatic stay imposed by Federal Rule of Civil Procedure 62(a) is dissolved. Petitioners are permitted to immediately enforce the judgment at docket entry 46. The Clerk of Court is directed to terminate the motion at docket entry 49. (Signed by Judge Katherine Polk Failla on 10/28/2022) (rro) (Entered: 10/28/2022) |
| 10/31/2022 | 62 | CERTIFICATE OF SERVICE of First Set of Post-Judgment Demands for Production of Documents. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Lee, Carol) (Entered: 10/31/2022) |

| | | |
|---|---|---|
| 10/31/2022 | 63 | LETTER MOTION to Expedite *Discovery in Aid of Execution of the Judgment* addressed to Judge Katherine Polk Failla from Andrew C. Smith dated 10/31/2022. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A- Property Records).(Smith, Andrew) (Entered: 10/31/2022) |
| 11/01/2022 | 64 | ORDER terminating 63 Letter Motion to Expedite. For the reasons detailed in its October 28, 2022 Order (Dkt. #61), the Court recognizes the need for expedited post-judgment discovery. Respond is hereby ORDERED to respond to Petitioners' October 31, 2022 document demands on or before November 9, 2022. The Clerk of Court is directed to terminate the motion at docket entry 63. (Signed by Judge Katherine Polk Failla on 11/1/2022) (rro) (Entered: 11/01/2022) |
| 11/03/2022 | 65 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number ANYSDC-26914875. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Judgment).(Smith, Andrew) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 11/3/2022 (km). (Entered: 11/03/2022) |
| 11/03/2022 | | **\*\*\*NOTICE TO ATTORNEY REGARDING REJECTION OF PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Notice to Attorney Andrew Smith document 65 Proposed Clerk's Certification of a Judgment to be Registered in Another District was rejected by the Clerk's Office for the following reason: the time for appeal of this judgment has not expired. Please refile the Proposed Clerk's Certification of Judgment to be Registered in Another District after the time for appeal of this judgment has expired. (km)** (Entered: 11/03/2022) |
| 11/08/2022 | 66 | FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b)*. Document filed by Hui Qin..(Kushner, Amiad) (Entered: 11/08/2022) |
| 11/08/2022 | 67 | MEMORANDUM OF LAW in Support re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b)*. . Document filed by Hui Qin.. (Kushner, Amiad) (Entered: 11/08/2022) |
| 11/08/2022 | 68 | DECLARATION of Xintong Zhang in Support re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b)*.. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E).(Kushner, Amiad) (Entered: 11/08/2022) |
| 11/08/2022 | 69 | DECLARATION of Peng, Yun in Support re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b)*.. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C). (Kushner, Amiad) (Entered: 11/08/2022) |
| 11/09/2022 | 70 | NOTICE OF APPEARANCE by Andrew Jacob Sklar on behalf of Hui Qin..(Sklar, Andrew) (Entered: 11/09/2022) |
| 11/09/2022 | 71 | MOTION for Benjamin B. Xue to Withdraw as Attorney *Letter Motion*. Document filed by Hui Qin..(Xue, Benjamin) (Entered: 11/09/2022) |

| | | |
|---|---|---|
| 11/10/2022 | 72 | LETTER addressed to Judge Katherine Polk Failla from Andrew C. Smith dated November 10, 2022 re: Opposition to the letter motion (Dkt no. 71). Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A RESPONDENT HUI QIN'S OBJECTIONS AND RESPONSES TO PETITIONERS' FIRST SET OF POST-JUDGMENT DEMANDS FOR PRODUCTION OF DOCUMENTS TO HUI QIN).(Smith, Andrew) (Entered: 11/10/2022) |
| 11/11/2022 | 73 | **FILING ERROR - DEFICIENT DOCKET ENTRY** - PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Filing fee $ 11.00, receipt number ANYSDC-26949012. Clerk's Certification of a Judgment to be Registered in Another District to be Picked up by Party. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Judgment).(Smith, Andrew) **Proposed document to be reviewed and processed by Clerk's Office staff (No action required by chambers).** Modified on 11/14/2022 (nd). Modified on 11/14/2022 (nd). (Entered: 11/11/2022) |
| 11/14/2022 | | ***NOTICE TO ATTORNEY REGARDING REJECTION OF PROPOSED CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT. Notice to Attorney Andrew Smith, document 73 Proposed Clerk's Certification of a Judgment to be Registered in Another District, was rejected by the Clerk's Office for the following reason, a motion to alter or amend the judgment has been filed and is still pending; Please refile the Proposed Clerk's Certification of Judgment to be Registered in Another District after the motion to alter or amend the judgment has been disposed of, (nd) (Entered: 11/14/2022) |
| 11/14/2022 | 74 | LETTER REPLY to Response to Motion addressed to Judge Katherine Polk Failla from Benjamin B. Xue dated November 14, 2022 re: 71 MOTION for Benjamin B. Xue to Withdraw as Attorney *Letter Motion.* . Document filed by Hui Qin. (Attachments: # 1 Exhibit A - Email Proof of Service of Motion to Withdraw Upon Qin).(Xue, Benjamin) (Entered: 11/14/2022) |
| 11/14/2022 | 75 | MEMO ENDORSEMENT on re: 74 Reply to Response to Motion, filed by Hui Qin. ENDORSEMENT: The Court is in receipt of Mr. Xue's motion to withdraw as counsel for Respondent (Dkt. #71), Petitioners' opposition to that motion (Dkt. #72), and Mr. Xue's above reply. The parties are hereby ORDERED to appear for a conference to discuss the motion on November 18, 2022, at 11:30 a.m. The conference will proceed via videoconference. Instructions for accessing the videoconference will be provided separately. (Status Conference set for 11/18/2022 at 11:30 AM before Judge Katherine Polk Failla.) (Signed by Judge Katherine Polk Failla on 11/14/2022) (rro) (Entered: 11/14/2022) |
| 11/18/2022 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Motion Hearing held on 11/18/2022 re: 71 MOTION for Benjamin B. Xue to Withdraw as Attorney *Letter Motion* filed by Hui Qin: Attorney Andrew C. Smith representing Plaintiffs present. Attorneys Amiad Moshe Kushner, Andrew Jacob Sklar, Xintong Zhang, and Benjamin B. Xue representing Defendant present. Defendant's motion for Benjamin B. Xue to withdraw as attorney is GRANTED for the reasons stated on the record. (Attorney Benjamin B. Xue terminated. ) (Court Reporter recorded) (tn) (Entered: 11/18/2022) |
| 11/21/2022 | 76 | FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 67 Memorandum of Law in Support of Motion *Pursuant to Federal Rule of Civil Procedure 60(b)* addressed to Judge Katherine Polk Failla from Amiad Kushner dated 11/21/2022. Document filed by Hui Qin..(Kushner, Amiad) (Entered: 11/21/2022) |

| 11/21/2022 | 77 | ORDER granting 76 Letter Motion for Extension of Time to File Response/Reply re 76 FIRST LETTER MOTION for Extension of Time to File Response/Reply as to 67 Memorandum of Law in Support of Motion *Pursuant to Federal Rule of Civil Procedure 60(b)* addressed to Judge Katherine Polk Failla from Amiad Kushner dated 11/21/20. Application GRANTED. The Clerk of Court is directed to terminate the motion at docket entry 76. SO ORDERED.. (Signed by Judge Katherine Polk Failla on 11/21/2022) Responses due by 11/28/2022 Replies due by 12/7/2022. (ks) (Entered: 11/21/2022) |
|---|---|---|
| 11/25/2022 | 78 | MOTION to Quash Subpoenas . Document filed by Xue & Associates, P.C...(Xue, Benjamin) (Entered: 11/25/2022) |
| 11/25/2022 | 79 | DECLARATION of Benjamin B. Xue in Support re: 78 MOTION to Quash Subpoenas .. Document filed by Xue & Associates, P.C.. (Attachments: # 1 Exhibit A - Document Subpoena, # 2 Exhibit B - Deposition Subpoena).(Xue, Benjamin) (Entered: 11/25/2022) |
| 11/25/2022 | 80 | MEMORANDUM OF LAW in Support re: 78 MOTION to Quash Subpoenas . . Document filed by Xue & Associates, P.C...(Xue, Benjamin) (Entered: 11/25/2022) |
| 11/28/2022 | 81 | DECLARATION of Carol Lee in Opposition re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b)*.. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A Complaint, # 2 Exhibit B Respondent's Affidavit, # 3 Exhibit C Answer and Counterclaim, # 4 Exhibit D Chinese Civil Judgment, # 5 Exhibit E Petitioners' Application for Arbitration).(Lee, Carol) (Entered: 11/28/2022) |
| 11/28/2022 | 82 | MEMORANDUM OF LAW in Opposition re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b)*. . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 11/28/2022) |
| 12/02/2022 | 83 | MEMORANDUM OF LAW in Opposition re: 78 MOTION to Quash Subpoenas . . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 12/02/2022) |
| 12/02/2022 | 84 | DECLARATION of Carol Lee in Opposition re: 78 MOTION to Quash Subpoenas .. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A).(Lee, Carol) (Entered: 12/02/2022) |
| 12/06/2022 | 85 | TRANSCRIPT of Proceedings re: REMOTE MOTION HEARING held on 11/18/2022 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023. (js) (Entered: 12/06/2022) |
| 12/06/2022 | 86 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a REMOTE MOTION HEARING proceeding held on 11/18/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (js) (Entered: 12/06/2022) |

| | | |
|---|---|---|
| 12/07/2022 | 87 | REPLY MEMORANDUM OF LAW in Support re: 78 MOTION to Quash Supboenas . . Document filed by Xue & Associates, P.C...(Xue, Benjamin) (Entered: 12/07/2022) |
| 12/07/2022 | 88 | REPLY MEMORANDUM OF LAW in Support re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b).* . Document filed by Hui Qin..(Kushner, Amiad) (Entered: 12/07/2022) |
| 12/09/2022 | 89 | LETTER MOTION to Substitute Attorney. Old Attorney: Andrew Sklar, New Attorney: addressed to Judge Katherine Polk Failla from Andrew Sklar dated Dec. 9, 2022. Document filed by Hui Qin..(Sklar, Andrew) (Entered: 12/09/2022) |
| 12/14/2022 | 90 | ORDER granting 89 Letter Motion to Substitute Attorney. Application GRANTED. The Court thanks Mr. Sklar for his work on this matter and wishes him the best in his future endeavors. The Clerk of Court is directed to terminate Mr. Sklar from the docket. The Clerk of Court is further directed to terminate the motion at docket entry 89. Attorney Andrew Jacob Sklar terminated. (Signed by Judge Katherine Polk Failla on 12/14/2022) (rro) (Entered: 12/14/2022) |
| 01/03/2023 | 91 | PROPOSED PROTECTIVE ORDER. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 01/03/2023) |
| 01/03/2023 | 92 | STIPULATED PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time. The Court will retain jurisdiction over the terms and conditions of thisagreement only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure. (Signed by Judge Katherine Polk Failla on 1/3/2023) (rro) (Entered: 01/03/2023) |
| 01/03/2023 | | NOTICE of Hearing: The Court will hold a telephonic conference on 1/6/2023 at 2:30 p.m., to render its decision on Xue & Associates' motion to quash. At the scheduled time, the parties shall dial-in to the conference at (888) 363-4749, and enter access code 5123533. (Telephone Conference set for 1/6/2023 at 02:30 PM in telephone or video conference before Judge Katherine Polk Failla.) ***No PDF is attached to this entry. (tn) Modified on 1/4/2023 (tn). (Entered: 01/03/2023) |
| 01/06/2023 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Telephone Conference held on 1/6/2023. Attorneys Andrew C. Smith, Carol Lee, and Geoffrey R. Sant representing Plaintiffs present. Attorneys Amiad Moshe Kushner and Xintong Zhang representing Defendant present. Attorney Benjamin B. Xue representing Movant present. For the reasons detailed in the Court's oral ruling, Movants motion to quash the Written Questions Subpoena is DENIED and Movants motion to quash the Document Subpoena is GRANTED as to Demands 9 and 10 and DENIED as to all other demands. Movant shall respond to the Written Questions Subpoena in full within 5 business days of the Court's oral ruling. Movant shall respond to the Document Subpoena, other than Demands 9 and 10, within 10 business days of the Court's oral ruling. Movant shall submit any proposed privilege-based redactions to the Court for ex parte review within 8 business days of the oral ruling, along with unredacted versions of those documents and a brief description of the basis for the proposed redactions. (See transcript.) (Court Reporter recorded) (tn) (Entered: 01/10/2023) |
| 01/09/2023 | 93 | LETTER MOTION for Conference / *Request for Pre-Motion Discovery Conference* addressed to Judge Katherine Polk Failla from Andrew C. Smith dated 01/09/2023. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity |

| | | |
|---|---|---|
| | | Investment Partnership. (Attachments: # 1 Exhibit 1 - Excerpts from 11.18.22 Hearing, # 2 Exhibit 2- December 12, 2022 Letter from Pillsbury to Seiden).(Smith, Andrew) (Entered: 01/09/2023) |
| 01/11/2023 | 94 | LETTER addressed to Judge Katherine Polk Failla from Hui Qin dated 1/11/2023 re: Respondent's Opposition to Petitioners' Letter Motion. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A).(Kushner, Amiad) (Entered: 01/11/2023) |
| 01/12/2023 | 95 | TRANSCRIPT of Proceedings re: REMOTE ORAL DECISION held on 1/6/2023 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/2/2023. Redacted Transcript Deadline set for 2/13/2023. Release of Transcript Restriction set for 4/12/2023.(js) (Entered: 01/12/2023) |
| 01/12/2023 | 96 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a REMOTE ORAL DECISION proceeding held on 1/6/2023 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (js) (Entered: 01/12/2023) |
| 01/13/2023 | 97 | LETTER addressed to Judge Katherine Polk Failla from Andrew C. Smith dated January 13, 2023 re: Reply in Support of Petitioners' January 9, 2023 letter seeking a pre-motion conference. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A).(Smith, Andrew) (Entered: 01/13/2023) |
| 01/18/2023 | | NOTICE of Hearing: A video conference is scheduled in this matter for 1/20/2023 at 11:00 a.m., to discuss Respondent's compliance with his post-judgment discovery obligations. The conference will have public audio access (646) 453-4442, Conference ID 862 031 878#. Instructions to video participants will be sent separately in advance of the conference. ***No PDF is attached to this entry. (Status Conference set for 1/20/2023 at 11:00 AM in video conference before Judge Katherine Polk Failla. ) ***No PDF is attached to this entry. (tn) (Entered: 01/18/2023) |
| 01/18/2023 | 98 | LETTER MOTION for Extension of Time *to file redacted legal fee invoices* addressed to Judge Katherine Polk Failla from Benjamin Xue dated 01/18/2023. Document filed by Xue & Associates, P.C...(Xue, Benjamin) (Entered: 01/18/2023) |
| 01/18/2023 | 99 | ORDER granting 98 Letter Motion for Extension of Time. Application GRANTED. The Clerk of Court is directed to terminate the motion at docket entry 98. SO ORDERED. (Signed by Judge Katherine Polk Failla on 1/18/2023) (ks) (Entered: 01/18/2023) |
| 01/20/2023 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Status Conference held on 1/20/2023. Attorneys Andrew C. Smith, Geoffrey R. Sant, and Carol Lee representing Petitioners present. Attorneys Amiad Moshe Kushner and Xintong Zhang representing Respondent present. (Court Reporter recorded) (tn) (Entered: 02/07/2023) |
| 01/23/2023 | 100 | ORDER terminating 93 Letter Motion for Conference re: 93 LETTER MOTION for Conference / *Request for Pre-Motion Discovery Conference* addressed to Judge Katherine Polk Failla from Andrew C. Smith dated 01/09/2023. On January 20, 2023, the Court held a telephonic conference to discuss Respondent's compliance with his post-judgment discovery obligations. For the reasons discussed at that conference, the parties are |

| | | |
|---|---|---|
| | | ORDERED to meet and confer in the month of January, following Respondent's deposition, to ascertain what additional documents Respondent intends to produce and to clarify Respondent's objections to Petitioners' original 20 Requests for Production (RPFs). Within two business days of that meeting, Respondent is ORDERED to file a letter on the docket confirming that the meet and confer took place and listing Respondent's outstanding objections to Petitioners' RFPs. If after the meet and confer Petitioners remain interested in filing a motion to compel discovery from Respondent, they shall file a proposed briefing schedule for such motion on the docket on or before February 6, 2023. Separately, but also on January 20, 2023, the Court received from Respondent's former attorney Benjamin Xue proposed redactions to certain documents responsive to the Document Subpoena in accordance with the Court's January 6, 2023 oral decision on Mr. Xue's motion to quash. Having reviewed the proposed redactions and Mr. Xue's justification thereof, the Court finds the proposed redactions necessary to protect information protected by the attorney-client privilege. To the extent that Mr. Xue has not already done so, Mr. Xue is directed to produce the redacted invoices to Petitioners on or before January 24, 2023. The Clerk of Court is directed to terminate the motion at docket entry 93. SO ORDERED. (Signed by Judge Katherine Polk Failla on 1/23/2023) (rro) (Entered: 01/23/2023) |
| 02/02/2023 | 101 | LETTER addressed to Judge Katherine Polk Failla from Hui Qin dated 2/2/2023 re: Respondent's Letter in Response to the Court's Order. Document filed by Hui Qin.. (Zhang, Xintong) (Entered: 02/02/2023) |
| 02/06/2023 | 102 | LETTER MOTION to Compel *Letter Motion for Approval of Proposed Briefing Schedule on Motion to Compel* addressed to Judge Katherine Polk Failla from Andrew C. Smith dated February 6, 2023. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Smith, Andrew) (Entered: 02/06/2023) |
| 02/07/2023 | 103 | ORDER: granting 102 Letter Motion to Compel. Application GRANTED. The parties shall adhere to the briefing deadlines outlined above. The Clerk of Court is directed to terminate the motion at docket entry 102. SO ORDERED.. (Signed by Judge Katherine Polk Failla on 2/06/2023) (ama) (Entered: 02/07/2023) |
| 02/07/2023 | | Set/Reset Deadlines: Motions due by 2/14/2023. (ama) (Entered: 02/07/2023) |
| 02/14/2023 | 104 | MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 105 | LETTER MOTION to Seal *Petitioners' Letter Motion for Leave to file Under Seal* addressed to Judge Katherine Polk Failla from Geoffrey Sant dated February 14, 2023. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 106 | DECLARATION of Carol Lee in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt*.. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, |

| | | |
|---|---|---|
| | | # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Appendix A, # 22 Appendix B).(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 107 | DECLARATION of Lening Liu in Support re: 104 MOTION to Compel /*Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2).(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 108 | ***SELECTED PARTIES***DECLARATION of Carol Lee in Support re: 104 MOTION to Compel /*Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit I, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M, # 9 Exhibit N, # 10 Exhibit O, # 11 Exhibit P, # 12 Exhibit Q, # 13 Exhibit S, # 14 Exhibit T, # 15 Appendix A, # 16 Appendix B)Motion or Order to File Under Seal: 105 .(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 109 | ***SELECTED PARTIES***DECLARATION of Lening Liu in Support re: 104 MOTION to Compel /*Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. (Attachments: # 1 Exhibit 2)Motion or Order to File Under Seal: 105 .(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 110 | MEMORANDUM OF LAW in Support re: 104 MOTION to Compel /*Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.* . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/14/2023 | 111 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 104 MOTION to Compel /*Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.* . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. Motion or Order to File Under Seal: 105 .(Sant, Geoffrey) (Entered: 02/14/2023) |
| 02/15/2023 | 112 | ORDER granting 105 Letter Motion to Seal. Application GRANTED. Petitioners may file redacted versions of their opening memorandum of law and supportive declarations from Lening Liu and Carol Lee. The Clerk of Court is directed to maintain the unredacted versions of those documents (Dkt. #108, 109, 111) under seal, viewable only to the parties and the Court. The Clerk of Court is further directed to terminate the motion at docket entry 105. (Signed by Judge Katherine Polk Failla on 2/15/2023) (rro) (Entered: 02/15/2023) |
| 02/28/2023 | 113 | NOTICE of Notice of Changeof Law Firm Name. Document filed by Hui Qin..(Zhang, Xintong) (Entered: 02/28/2023) |
| 02/28/2023 | 114 | ***SELECTED PARTIES***DECLARATION of Xintong Zhang in Opposition re: 104 MOTION to Compel /*Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)Motion or Order to File Under Seal: 112 .(Zhang, Xintong) (Entered: 02/28/2023) |

| 02/28/2023 | 115 | ***SELECTED PARTIES***DECLARATION of Hui Qin in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Hui Qin, Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)Motion or Order to File Under Seal: 112 . (Zhang, Xintong) (Entered: 02/28/2023) |
| --- | --- | --- |
| 02/28/2023 | 116 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt*. . Document filed by Hui Qin, Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. Motion or Order to File Under Seal: 112 .(Zhang, Xintong) (Entered: 02/28/2023) |
| 02/28/2023 | 117 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt*. . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership, Hui Qin, Seiden Law LLP. Motion or Order to File Under Seal: 112 .(Zhang, Xintong) (Entered: 02/28/2023) |
| 02/28/2023 | 118 | DECLARATION of Xintong Zhang in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D).(Zhang, Xintong) (Entered: 02/28/2023) |
| 02/28/2023 | 119 | DECLARATION of Hui Qin in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt.*. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Ehibit F). (Zhang, Xintong) (Entered: 02/28/2023) |
| 02/28/2023 | 120 | MEMORANDUM OF LAW in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt*. . Document filed by Hui Qin..(Zhang, Xintong) (Entered: 02/28/2023) |
| 03/01/2023 | 121 | MEMORANDUM OF LAW in Opposition re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt*. . Document filed by Seiden Law LLP..(Zhang, Xintong) (Entered: 03/01/2023) |
| 03/01/2023 | 122 | FIRST LETTER MOTION to Seal addressed to Judge Katherine Polk Failla from Hui Qin dated 3/1/23. Document filed by Hui Qin..(Zhang, Xintong) (Entered: 03/01/2023) |
| 03/02/2023 | 123 | ORDER granting 122 Letter Motion to Seal. Application GRANTED. The Clerk of Court is directed to maintain docket entries 114-117 under seal, viewable only to the parties and the Court. The Clerk of Court is further directed to terminate the motion at docket entry 122. (Signed by Judge Katherine Polk Failla on 3/2/2023) (rro) (Entered: 03/02/2023) |
| 03/09/2023 | 124 | LETTER MOTION to Seal *Request for Leave to File certain documents with redactions and certain documents under seal* addressed to Judge Katherine Polk Failla from Geoffrey Sant dated March 9, 2023. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 03/09/2023) |

| 03/09/2023 | 125 | LETTER MOTION for Oral Argument *Request for Oral Argument and In-Person Hearing* addressed to Judge Katherine Polk Failla from Geoffrey Sant dated March 9, 2023. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 03/09/2023) |
|---|---|---|
| 03/09/2023 | 126 | DECLARATION of Carol Lee in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt..* Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10).(Sant, Geoffrey) (Entered: 03/09/2023) |
| 03/09/2023 | 127 | ***SELECTED PARTIES***DECLARATION of Carol Lee in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt..* Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)Motion or Order to File Under Seal: 124 .(Sant, Geoffrey) (Entered: 03/09/2023) |
| 03/09/2023 | 128 | REPLY MEMORANDUM OF LAW in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt. .* Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 03/09/2023) |
| 03/09/2023 | 129 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt. .* Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. Motion or Order to File Under Seal: 124 .(Sant, Geoffrey) (Entered: 03/09/2023) |
| 03/09/2023 | 130 | REPLY MEMORANDUM OF LAW in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt. /Petitioners Reply in Support of their Motion for Sanctions against Seiden Law.* Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 03/09/2023) |
| 03/09/2023 | 131 | ***SELECTED PARTIES*** REPLY MEMORANDUM OF LAW in Support re: 104 MOTION to Compel *Notice of Petitioners' Motion to Compel, for Sanctions, and for an Order for Civil Contempt. /Petitioners' Reply in Support of their Motion for Sanctions against Seiden Law LLP.* Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin, Seiden Law LLP. Motion or Order to File Under Seal: 124 .(Sant, Geoffrey) (Entered: 03/09/2023) |
| 03/10/2023 | 132 | ORDER terminating 125 Letter Motion for Oral Argument. The Court is in receipt of Petitioners' request for oral argument concerning their pending motion to compel, for sanctions, and for an order of civil contempt. If the Court determines that oral argument would be useful, it will promptly reach out to the parties. The Clerk of Court is directed |

| | | to terminate the motion at docket entry 125. SO ORDERED. (Signed by Judge Katherine Polk Failla on 3/10/2023) (tg) (Entered: 03/10/2023) |
|---|---|---|
| 03/10/2023 | 133 | ORDER granting 124 Letter Motion to Seal. Application GRANTED. The Clerk of Court is directed to maintain docket entries 127, 129, and 131 under seal, viewable only to the parties and the Court. The Clerk of Court is further directed to terminate the motion at docket entry 124. SO ORDERED. (Signed by Judge Katherine Polk Failla on 3/10/2023) (tg) (Entered: 03/10/2023) |
| 03/31/2023 | 134 | OPINION AND ORDER re: 66 FIRST MOTION for Reconsideration *Pursuant to Federal Rule of Civil Procedure Rule 60(b).* filed by Hui Qin. For the foregoing reasons, Respondents motion for relief from the judgment is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 66. (Signed by Judge Katherine Polk Failla on 3/31/2023) (rro) (Entered: 03/31/2023) |
| 04/10/2023 | | NOTICE of Hearing: A conference wherein the Court will issue its oral decision on Petitioners' motion to compel and for sanctions has been scheduled for April 18, 2023 at 10:00 a.m., which will be held telephonically. On or before April 13, 2023, the parties shall jointly file a list of documents that Respondent has produced since the motion was briefed. At the scheduled time of the conference, the parties are to call (888) 363-4749 and enter access code 5123533. Please note that the conference will not be available until 10:00 a.m. (Telephone Conference set for 4/18/2023 at 10:00 AM in telephone or video conference before Judge Katherine Polk Failla.) ***No PDF is attached to this entry. (tn) (Entered: 04/10/2023) |
| 04/13/2023 | 135 | NOTICE of Filing of the Parties Joint Submission of List of Documents re: Notice of Hearing,,. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit A).(Smith, Andrew) (Entered: 04/13/2023) |
| 04/18/2023 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Telephone Conference held on 4/18/2023. Attorneys Andrew C. Smith, Geoffrey R. Sant, and Carol Lee representing Petitioners present. Attorneys Amiad Moshe Kushner and Xintong Zhang representing Respondent present. The Court orders Respondent to pay Petitioners' reasonable expenses and attorneys' fees incurred in connection with their motion to compel, for sanctions, and for civil contempt. (Dkt. #104) Respondent shall respond in full to the document requests contained in Appendix A of the Lee Declaration and to the interrogatories contained in Appendix B of the Lee Declaration no later than April 21, 2023, and shall sit for an additional deposition of up to two days in length beginning on April 24, 2023. Petitioners' motion for costs and fees is due by 5/9/2023; Opposition is due by 6/2/2023; and Reply is due by 6/9/2023. (Court Reporter recorded) (tn) (Entered: 04/18/2023) |
| 04/21/2023 | 136 | TRANSCRIPT of Proceedings re: Conference held on 4/18/2023 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Marissa Mignano, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/12/2023. Redacted Transcript Deadline set for 5/22/2023. Release of Transcript Restriction set for 7/20/2023. (nmo) (Entered: 04/21/2023) |
| 04/21/2023 | 137 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a Conference proceeding held on 04/18/2023 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically |

| | | |
|---|---|---|
| | | available to the public without redaction after 90 calendar days... (nmo) (Entered: 04/21/2023) |
| 04/21/2023 | 138 | MOTION for Hugh M. Ray III to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-27642146. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Affidavit Declaration of Hugh Ray III in Support of Motion for Pro Hac Vice Admission, # 2 Exhibit A - Texas Cert. of Good Standing, # 3 Exhibit B - N.M. Cert. of Good Standing, # 4 Text of Proposed Order Proposed Order On Pro Hac Vice of Hugh Ray III).(Ray, Hugh) (Entered: 04/21/2023) |
| 04/24/2023 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 138 MOTION for Hugh M. Ray III to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-27642146. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (aea)** (Entered: 04/24/2023) |
| 04/24/2023 | 139 | ORDER FOR PRO HAC VICE ADMISSION OF HUGH M. RAY, III granting 138 Motion for Hugh M. Ray, III to Appear Pro Hac Vice. The Clerk of Court is directed to terminate the motion at docket entry 138. (Signed by Judge Katherine Polk Failla on 4/24/2023) (rro) (Entered: 04/24/2023) |
| 04/28/2023 | 140 | NOTICE OF APPEAL from 46 Judgment,,,,,,, 44 Memorandum & Opinion,,,, 134 Memorandum & Opinion,. Document filed by Hui Qin. Filing fee $ 505.00, receipt number ANYSDC-27672663. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Zhang, Xintong) (Entered: 04/28/2023) |
| 04/28/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 140 Notice of Appeal.(tp) (Entered: 04/28/2023) |
| 04/28/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 140 Notice of Appeal. (tp) (Entered: 04/28/2023) |
| 04/28/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 140 Notice of Appeal, filed by Hui Qin were transmitted to the U.S. Court of Appeals. (tp) (Entered: 04/28/2023) |
| 05/02/2023 | 141 | LETTER MOTION to Seal *Exhibits to Respondent's Letter Motion* addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023. Document filed by Hui Qin.. (Kushner, Amiad) (Entered: 05/02/2023) |
| 05/02/2023 | 142 | LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023. Document filed by Hui Qin. (Attachments: # 1 Exhibit Exhibit 1 - under seal, # 2 Exhibit Exhibit 2 - under seal).(Kushner, Amiad) (Entered: 05/02/2023) |
| 05/02/2023 | 143 | ***SELECTED PARTIES*** LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023. Document filed by Hui Qin, Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 Exhibit Exhibit 1 - Doctor's Letter 4.27, # 2 Exhibit Exhibit 2 - Doctor's Letter 5.1)Motion or Order to File Under Seal: 141 .(Kushner, Amiad) (Entered: 05/02/2023) |
| 05/02/2023 | 144 | LETTER RESPONSE in Opposition to Motion addressed to Judge Katherine Polk Failla from Hugh Ray, III dated 5/2/2023 re: 143 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023., 142 LETTER MOTION |

| | | |
|---|---|---|
| | | for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023. . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Ray, Hugh) (Entered: 05/02/2023) |
| 05/02/2023 | | Minute Entry for proceedings held before Judge Katherine Polk Failla: Telephone Conference held on 5/2/2023. Attorneys Geoffrey Sant, Andrew Smith, and Hugh Ray representing Petitioners present. Attorneys Amiad Kushner, Xintong Zhang, and Jen Blecher representing Respondent present. The Court convened an emergency conference to discuss Respondent's request to adjourn his continued deposition (scheduled for tomorrow) based on his medical issues (Dkt. #141-143). The deposition shall proceed on 5/3/2023 for up to four hours, alternating 45 minutes on and 15 minutes off. (Court Reporter recorded) (tn) (Entered: 05/09/2023) |
| 05/03/2023 | 145 | NOTICE OF APPEARANCE by Jennifer Hilda Blecher on behalf of Hui Qin..(Blecher, Jennifer) (Entered: 05/03/2023) |
| 05/03/2023 | 146 | ORDER granting 141 Letter Motion to Seal; terminating 142 Letter Motion for Conference re: 141 LETTER MOTION to Seal *Exhibits to Respondent's Letter Motion* addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023., 142 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023., 143 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023. ; terminating 143 Letter Motion for Conference re: 141 LETTER MOTION to Seal *Exhibits to Respondent's Letter Motion* addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023., 142 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023., 143 LETTER MOTION for Conference addressed to Judge Katherine Polk Failla from HUI QIN dated 5/2/2023. The Court is in receipt of Respondent's letter requesting a conference to discuss his request to adjourn his May 3, 2023 deposition (Dkt. #142, 143), Respondent's above request to file exhibits to that letter under seal, and Petitioners' response (Dkt. #144). The Court held a conference to discuss Respondent's request at 7:45 p.m. on May 2, 2023. For the reasons stated at that conference, Respondent is ORDERED to appear a deposition of up to four hours on May 3, 2023. Respondent may take a 15 minute break after every 45 minutes of questioning as his health requires. Respondent's request to file his letter under seal is GRANTED. The Clerk of Court is directed to maintain docket entry 143 under seal, viewable only to the parties and the Court. The Clerk of Court is additionally directed to terminate the motions at docket entries 141, 142, 143. (Signed by Judge Katherine Polk Failla on 5/3/2023) (rro) (Entered: 05/03/2023) |
| 05/03/2023 | | Set/Reset Deadlines: Deposition due by 5/3/2023. (rro) (Entered: 05/03/2023) |
| 05/09/2023 | 147 | LETTER MOTION to Seal *Petitioners' Request for Leave to File Documents with Redactions and Under Seal* addressed to Judge Katherine Polk Failla from Geoffrey Sant dated 05/09/2023. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 05/09/2023) |
| 05/09/2023 | 148 | MOTION for Attorney Fees *Notice of Petitioners' Motion for Attorney's Fees and Costs*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 05/09/2023) |
| 05/09/2023 | 149 | DECLARATION of Carol Lee in Support re: 148 MOTION for Attorney Fees *Notice of Petitioners' Motion for Attorney's Fees and Costs*.. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership. (Attachments: # 1 |

| | | Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H).(Sant, Geoffrey) (Entered: 05/09/2023) |
|---|---|---|
| 05/09/2023 | 150 | ***SELECTED PARTIES***DECLARATION of Carol Lee in Support re: 148 MOTION for Attorney Fees / *Notice of Petitioners' Motion for Attorney's Fees and Costs.*. Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. (Attachments: # 1 Exhibit A -Petitioners May 8-9, 2023 email and response from Qins counsel, # 2 Exhibit B-Petitioners invoices incurred in connection with the Sanctions Motion, # 3 Exhibit C- Petitioners lodestar calculation, # 4 Exhibit D-List of timekeepers for whom fees are sought in this Motion, # 5 Exhibit E- Seiden Laws Engagement Letter, # 6 Exhibit F-Seiden Laws November 15, 2022 invoice to Qin)Motion or Order to File Under Seal: 147 .(Sant, Geoffrey) (Entered: 05/09/2023) |
| 05/09/2023 | 151 | MEMORANDUM OF LAW in Support re: 148 MOTION for Attorney Fees / *Notice of Petitioners' Motion for Attorney's Fees and Costs.* . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, Huzhou Huirongsheng Equity Investment Partnership..(Sant, Geoffrey) (Entered: 05/09/2023) |
| 05/09/2023 | 152 | ***SELECTED PARTIES*** MEMORANDUM OF LAW in Support re: 148 MOTION for Attorney Fees / *Notice of Petitioners' Motion for Attorney's Fees and Costs.* . Document filed by Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huirongsheng Equity Investment Partnership, Huzhou Huihengying Equity Investment Partnership, Hui Qin. Motion or Order to File Under Seal: 147 .(Sant, Geoffrey) (Entered: 05/09/2023) |
| 05/10/2023 | 153 | ORDER: granting 147 Letter Motion to Seal. Application GRANTED. The Clerk of Court is directed to maintain docket entries 150 and 152 under seal, viewable to the parties and the Court. SO ORDERED. (Signed by Judge Katherine Polk Failla on 5/10/2023) (ama) (Entered: 05/10/2023) |
| 05/11/2023 | 154 | TRANSCRIPT of Proceedings re: TELEPHONE CONFERENCE held on 5/2/2023 before Judge Katherine Polk Failla. Court Reporter/Transcriber: Carole Ludwig, (212) 420-0771. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/1/2023. Redacted Transcript Deadline set for 6/12/2023. Release of Transcript Restriction set for 8/9/2023. (js) (Entered: 05/11/2023) |
| 05/11/2023 | 155 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a TELEPHONE CONFERENCE proceeding held on 5/2/2023 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.... (js) (Entered: 05/11/2023) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/11/2023 16:25:21 | | |
| **PACER Login:** | akushner | **Client Code:** | |

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?130172137411011-L_1_0-1                                                23/24

| Description: | Docket Report | Search Criteria: | 1:21-cv-09221-KPF |
|---|---|---|---|
| Billable Pages: | 22 | Cost: | 2.20 |

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUZHOU CHUANGTAI RONGYUAN INVESTMENT
MANAGEMENT PARTNERSHIP; HUZHOU
HUIHENGYING EQUITY INVESTMENT
PARTNERSHIP; and HUZHOU HUIRONGSHENG
EQUITY INVESTMENT PARTNERSHIP,

                       Petitioners,

                  -v.-

HUI QIN,

                      Respondent.

21 Civ. 9221 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Three Chinese companies, Huzhou Chuangtai Rongyuan Investment
Management Partnership ("Chuangtai Rongyuan"), Huzhou Huihengying
Equity Investment Partnership ("Huihengying"), and Huzhou Huirongsheng
Equity Investment Partnership ("Huirongsheng") (together, "Petitioners"),
invested Renminbi ("RMB") 1.5 billion in Chengdu Run Yun Culture
Communication Co., Ltd. ("Chengdu Run Yun") in anticipation of the
company's public offering on China's premiere stock market. Several years
later, Petitioners instigated an arbitration proceeding against Chengdu Run
Yun and several of its affiliates in Beijing, accusing them of breaching their
obligations under the relevant investment agreements. The arbitration panel
ultimately issued an award in Petitioners' favor. Victorious in China,
Petitioners now ask this Court to confirm the award against Respondent Hui
Qin in New York. For the following reasons, the Court grants Petitioners'
motion for summary judgment and confirms the arbitral award.

# BACKGROUND[1]

## A.    Factual Background

### 1.    The Contractual Relationship

The dispute at issue is between the original shareholders of Chengdu

Run Yun and later investors in the company.  Chengdu Run Yun is a Chinese

limited liability company that owns and operates movie theaters.  (Pet. 56.1

¶ 6; CIETAC Award 5).  In 2017, it had just two registered shareholders:

Shenzhen SMI Shengdian Cultural and Media Group Co., Ltd. ("SMI

Shengdian"), which held 51% of Chengdu Run Yun's equity, and SMI

International Cinemas Limited ("SMI International"), which held the remaining

49%.  (Resp. 56.1 ¶¶ 4-6).  Hui Qin, for his part, was the full owner of SMI

---

[1]    The facts set forth in this Opinion are drawn from the parties' submissions in connection with Petitioners' petition to confirm a foreign arbitral award (Dkt. #1), and their motion for summary judgment (Dkt. #15).  The Court draws primarily from Petitioners' Local Civil Rule 56.1 Statement of Material Undisputed Facts (Dkt. #17 ("Pet. 56.1")) and Respondent's Local Civil Rule 56.1 Counter Statement of Material Undisputed Facts (Dkt. #32 ("Resp. 56.1")).  Citations to a party's Rule 56.1 Statement incorporate by reference the documents cited therein.  In addition, "[e]ach numbered paragraph in the statement of material facts ... will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  Local Civil Rule 56.1(c).

The Court sources additional facts from the declarations submitted by the parties and the exhibits attached thereto, including the English translation of the arbitral award that Petitioners seek to confirm (the "CIETAC Award" (Dkt. #7-2)); the English translation of the Capital Investment Agreement with Chuangtai Rongyuan (the "Chuangtai Rongyuan Agreement" (Dkt. #7-4)); the English translation of the Capital Investment Agreement with Huirongsheng (the "Huirongsheng Agreement" (Dkt. #7-6)); the English translation of the Capital Investment Agreement with Huihengying (the "Huihengying Agreement" (Dkt. #7-8)); and the English translation of the Supplement to the Capital Increase Agreements (the "Supplemental Agreement" (Dkt. #7-10)).  Other facts sourced from the declarations and their accompanying exhibits are cited using the convention "[Name] Decl., Ex. [ ]."

For ease of reference, the Court refers to Petitioners' brief in support of their motion for summary judgment as "Pet. Br." (Dkt. #16), to the brief submitted by Respondent Qin in opposition as "Resp. Br." (Dkt. #28), and to Petitioners' reply as "Pet. Reply" (Dkt. #35).

Shengdian and a majority shareholder of SMI Holdings, which indirectly held
100% of SMI International's equity.  (Pet. 56.1 ¶ 7).

In anticipation of being listed on China's main stock market, Chengdu
Run Yun entered a series of investment agreements with Petitioners, each of
which was a limited partnership registered in China.  (Qin Decl. (Dkt. #33)
¶¶ 6-8; Pet. 56.1 ¶¶ 1-3).  To that end, on March 15, 2017, each Petitioner
signed a Capital Increase Agreement with Chengdu Run Yun, SMI Shengdian,
and SMI International.  (Resp. 56.1 ¶ 8; *see also* Chuangtai Rongyuan
Agreement; Huirongsheng Agreement; Huihengying Agreement).[2]  Through
those agreements, each Petitioner promised to invest RMB 500,000,000 in
Chengdu Run Yun in exchange for proportional equity in the company.  (Resp.
56.1 ¶ 10; *see also, e.g.*, Chuangtai Rongyuan Agreement art. 2).

Also on March 15, 2017, each Petitioner entered into a Supplemental
Agreement with Qin and SMI Shengdian.  (Pet. 56.1 ¶ 9; *see also* Supplemental
Agreement).  As relevant here, the Supplemental Agreement details
circumstances under which the "original shareholders" of Chengdu Run Yun
were required to buy back Petitioners' equity in the company.  (Supplemental
Agreement art. 4).  For instance, Petitioners could require a stock buyback if
Chengdu Run Yun failed to meet certain performance targets or was not
successfully listed on the stock market within an agreed-upon timeframe.  (*Id.*
arts. 4.1.2, 4.1.4).

---

[2]     The Court refers to these agreements collectively as the "Capital Increase Agreements."

The Capital Increase Agreements and the Supplemental Agreement each contain arbitration clauses.  Article 14.3 of each Capital Increase Agreement provides:

> If the parties fail to reach a solution through amicable negotiation within [60] days from the date of dispute, the dispute shall be submitted to China International Economic and Trade Arbitration Commission (Beijing) for arbitration in accordance with the arbitration rules in effect at the time of applying for arbitration.

(Chuangtai Rongyuan Agreement art. 14.3; Huirongsheng Agreement art. 14.3; Huihengying Agreement art. 14.3).  Similarly, Article 14.2 of the Supplemental Agreement stipulates that:

> Any dispute arising from the performance hereof between the parties hereto shall be settled through negotiation.  If negotiation fails, the parties agree to submit the dispute to China International Economic and Trade Arbitration Commission in Beijing, and the arbitration shall be conducted in accordance with its arbitration rules in effect at the time of submission of the dispute, unless otherwise stipulated in the effective award.  The actual expenses paid by the parties for dispute resolution (including but not limited to arbitration fees and reasonable attorney fees) shall be borne by the losing party.

(Supplemental Agreement art. 14.2).

By June 2017, each Petitioner had invested RMB 500,000,000 in Chengdu Run Yun as promised, for a collective investment of RMB 1,500,000,000.  (CIETAC Award 8).

## 2. Arbitration Before the CIETAC

Approximately three years later, on March 30, 2020, Petitioners commenced an arbitration against SMI Shengdian, SMI International, Chengdu

4

Run Yun, and Qin (together, the "Arbitral Respondents") before the China International Economic and Trade Arbitration Commission ("CIETAC"). (Pet. 56.1 ¶ 14). Petitioners alleged that the Arbitral Respondents breached their obligations under both the Capital Increase Agreements and the Supplemental Agreement. (CIETAC Award 5-16).

CIETAC attempted to serve the arbitration materials on Qin three times. It first mailed notice of the arbitration to Qin on May 26, 2020. (CIETAC Award 1-2).[3] That mailing was returned as undeliverable. (*Id.* at 2). Petitioners then informed CIETAC of Qin's address at 9 Xiangjun North Alley, Hujialou Street, Chaoyang District in Beijing (the "North Alley Address"). (*Id.*). The North Alley Address was specifically attributed to Qin in the Supplemental Agreement. (*See* Qin Decl. ¶ 27). In or about June or July 2020, CIETAC twice attempted to serve Qin at the North Alley Address. (CIETAC Award 2). CIETAC determined that the second attempt to serve Qin at the North Alley Address was successful. (*Id.*; *see also id.* at 5 (finding that "all documents and written notices pertaining to this case have been effectively served by the Arbitration Court on all parties according to provisions of Article 8 of the Arbitration Rules")). What is more, according to the CIETAC Award, no party challenged the propriety of service when given an opportunity to do so in July 2020. (*Id.* at 2).

---

[3]     It is not clear from the record where CIETAC sent this initial mailing.

On August 24, 2020, CIETAC appointed a panel of three arbitrators to adjudicate the dispute. (Pet. 56.1 ¶¶ 18-19). The panel was originally comprised of Xiuming Tao, Yong Li, and Xiaomin Sun. (*Id.* at ¶ 18). Tao resigned from the panel on September 25, 2020, and CIETAC designed Lanfang Liu as his replacement. (*Id.* at ¶ 20).

On November 11, 2020, Qin and SMI Shengdian requested that CIETAC re-send them the arbitration documents. (CIETAC Award 3). In response, CIETAC mailed Qin and SMI Shengdian additional copies of the Notice of Arbitration, Notice of Arbitration Panel Formation, Notice of Procedures, and related documents. (*Id.* at 3). CIETAC considered these mailings a courtesy and not renewed service. (*Id.*). CIETAC also adjourned the hearing set for November 12, 2020, to December 22, 2020. (*Id.*).

The CIETAC panel held a multi-hour hearing in Beijing on December 22, 2020. (Resp. 56.1 ¶ 21). All parties, including Qin, were represented by counsel and were afforded an opportunity to submit written evidence and explanations of their positions. (*Id.* at ¶¶ 23-25). At the hearing, Petitioners and the Arbitral Respondents presented their claims orally and the panel questioned them about their positions. (CIETAC Award 4). Through his attorney, Qin argued to the panel, *inter alia*, that (i) Petitioners were engaged in a fraudulent scheme to strip Chengdu Run Yun of its assets and force Qin to buy back useless Chengdu Run Yun stock (*id.* at 16-18); (ii) Qin was not an original shareholder of Chengdu Run Yun and consequently was not bound by the Supplemental Agreement's stock buyback provision (*id.* at 18); and (iii) Qin

was not properly served with notice of the arbitration (*id.* at 20-21). In February 2021, the parties submitted additional evidence and explanations of their positions to the panel. (*Id.* at 4).

The CIETAC panel issued its written decision on April 22, 2021. (Pet. 56.1 ¶¶ 30, 41; *see also* CIETAC Award). The panel concluded that the Capital Increase Agreements and the Supplemental Agreement were valid under Chinese law and were binding on the parties to the arbitration. (*Id.* at ¶ 35). It also determined that Qin was an "original shareholder" of Chengdu Run Yun and thus subject to the Supplemental Agreement's buyback provision. (CIETAC Award 42-45).

The arbitrators then examined each of Petitioners' seven claims and explained their reasoning and decision on each. (CIETAC Award 49-60). Ultimately, the panel found that the Arbitral Respondents had failed to perform their contractual obligations and awarded damages to Petitioners. (Pet. 56.1 ¶ 37). Specifically, it found in Petitioners' favor fully on claims 1, 2, 5, and 6, and partially on claims 3, 4, and 7. (*Id.*). It ordered the Arbitral Respondents to pay Petitioners within thirty days. (*Id.* at ¶ 38).[4]

---

[4]    Specifically, the CIETAC panel found the Arbitral Respondents liable for the following damages:

> [i] [SMI Shengdian and Qin Hui] shall jointly and severally pay equity acquisition prices to the [Petitioners] to acquire the 3.12% equity held by each of the three [Petitioners] in [Chengdu Run Yun]. Specifically, they shall pay the following amount of equity acquisition prices to [each Petitioner]: 500 million yuan in Renminbi × (1 + 15% × n/360) − 10 million yuan, n = the number of days from May 8, 2017 to the date of the prices actually paid up; ...

7

To the Court's knowledge, the Arbitral Respondents have not paid any of the damages owed to Petitioners under the CIETAC Award to date. (*See* Resp. 56.1 ¶ 42).

---

[ii] [SMI Shengdian and Qin Hui] shall transfer to [Petitioners] 5% of the equity in [Chengdu Run Yun], which shall be evenly distributed among the [Petitioners].

[iii] [SMI Shengdian and Qin Hui] shall jointly and severally pay 150 million yuan in damages to [each Petitioner] respectively for delayed payment of the equity acquisition prices.

[iv] [SMI Shengdian and Qin Hui] shall jointly and severally pay 1,000,000 yuan, 2,041,666.67 yuan and 2,104,166.67 yuan in returns on the security deposit respectively to the [Petitioners], and for delayed payment of such returns, additionally pay [Chuangtai Rongyuan] damages calculated at an annual rate of 9% of the base amount of 1,000,000 yuan for the period from May 9, 2017 to the date of such returns being paid up in their entirety, [Huihengying] damages calculated at an annual rate of 9% of the base amount of 2,041,666.67 yuan for the period from June 28, 2017 to the date of such returns being paid up in their entirety, and [Huirongsheng] damages calculated at an annual rate of 9% of the base amount of 2,104,166.67 yuan for the period from July 1, 2017 to the date of such returns being paid up in their entirety.

[v] [SMI International and Chengdu Run Yun] shall undertake joint and several compensatory liabilities for the failure of [SMI Shengdian and Qin Hui] to perform their obligations under the first and third determinations.

[vii] The Respondents shall jointly and severally compensate the [Petitioners] for the expenses incurred in dealing with this case, including 166,666 yuan in legal cost to [Chuangtai Rongyuan], 166,667 yuan in legal cost to [Huihengying], 166,667 yuan in legal cost to [Huirongsheng], 5,000 yuan in property preservation cost to [Chuangtai Rongyuan], 140,000 yuan in property preservation guarantee cost to [Chuangtai Rongyuan], 140,000 yuan in property preservation guarantee cost to [Huihengying] and 140,000 yuan in property preservation guarantee cost to [Huirongsheng].

[viii] Of the arbitration fee worth RMB 14,481,468 yuan for this case, 15% or 2,172,220.20 yuan shall be borne by the [Petitioners], while 85% or 12,309,247.80 yuan shall be borne by the Respondents. As the arbitration fee has been paid in its entirety by the [Petitioners] to the Arbitration Commission, the Respondents shall therefore paid [sic] 12,309,247.80 yuan in arbitration fee to the [Petitioners] to compensate for the arbitration fee advanced by the latter.

(Pet. 56.1 ¶ 37).

**B.      Procedural Background**

On November 8, 2021, Petitioners commenced this action to confirm the CIETAC Award by filing a Petition to Confirm and Enforce Arbitration (Dkt. #1); a memorandum of law in support of that Petition (Dkt. #6); and a supportive declaration (Dkt. #7).  The Court ordered Petitioners to move instead for confirmation of the arbitral award in the form of a motion for summary judgment.  (Dkt. #11).  They did so on December 8, 2021 (Dkt. #15), and Qin filed his opposition to the motion on April 5, 2022 (Dkt. #27).  Petitioners then filed their reply on April 19, 2022.  (Dkt. #35).  Qui subsequently filed a motion for leave to file a sur-reply (Dkt. #39), which motion the Court denied (Dkt. #41).  Accordingly, Petitioners' motion is now fully briefed and ripe for resolution.

## DISCUSSION

**A.      Applicable Law**

The Federal Arbitration Act establishes federal jurisdiction over arbitral awards governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention").  9 U.S.C. §§ 201-208.  An arbitration is subject to the New York Convention if it arises out of a commercial relationship that involves at least one foreign citizen or is otherwise reasonably related to a foreign state.  *Id.* § 202.  A corporation is a foreign citizen if it is incorporated or has its principal place of business outside of the United States.  *See id.*  Because Chuangtai Rongyuan, Huihengying, and Huirongsheng are all incorporated in China (Pet. 56.1 ¶¶ 1-3), the New York

Convention governs their petition.  *See Scandinavian Reins. Co. Ltd.* v. *Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (applying the New York Convention to dispute involving a foreign corporation); *Yusuf Ahmed Alghanim & Sons, W.L.L.* v. *Toys "R" Us, Inc.,* 126 F.3d 15, 19 (2d Cir. 1997) (same).

For the Court to disregard a foreign arbitral award, the party opposing enforcement must prove that at least one of the seven defenses listed in the New York Convention applies.  *Europcar Italia, S.p.A.* v. *Maiellano Tours, Inc.*, 156 F.3d 310, 313 (2d Cir. 1998); *see also* 9 U.S.C. § 207 ("The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention.").  Specifically, a court may only refuse to enforce an arbitral award if:

> [i] The parties to the agreement ... were ... under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it ...; or
>
> [ii] The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> [iii] The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration ...; or
>
> [iv] The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties ...; or
>
> [v] The award has not yet become binding on the parties, or has been set aside or suspended by a competent

> authority of the country in which, or under the law of which, the award was made ... [or;]
>
> [vi] The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>
> [vii] The recognition or enforcement of the award would be contrary to the public policy of that country.

New York Convention art. V(1)-(2), June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38.

The party opposing enforcement of an arbitral award carries a heavy burden of proof. *Telenor Mobile Commc'ns AS* v. *Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009). Because of the "strong public policy in favor of international arbitration," *Encyclopaedia Universalis S.A.* v. *Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005), courts afford foreign arbitral decisions "great deference," *Duferco Int'l Steel Trading* v. *T. Klaveness Shipping A/S,* 333 F.3d 383, 388 (2d Cir. 2003). Accordingly, the confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc.* v. *Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984).

Petitions to confirm a foreign arbitral award are treated as motions for summary judgment. *D.H. Blair & Co., Inc.* v. *Gottdiener,* 462 F.3d 95, 109 (2d Cir. 2006). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

11

to judgment as a matter of law." Fed. R. Civ. P. 56(a).[5]  A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

While the moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact," *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323 (1986), the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Brown* v. *Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).  Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Parks Real Estate Purchasing Grp.* v. *St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

"When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc.* v. *CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir.

---

[5]    The 2010 Amendments to the Federal Rules of Civil Procedure revised the summary judgment standard from a genuine "issue" of material fact to a genuine "dispute" of material fact.  *See* Fed. R. Civ. P. 56, advisory comm. notes (2010 Amendments) (noting that the amendment to "[s]ubdivision (a) ... chang[es] only one word — genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination.").  This Court uses the post-amendment standard, but continues to be guided by pre-amendment Supreme Court and Second Circuit precedent that refer to "genuine issues of material fact."

2003).  In considering "what may reasonably be inferred" from evidence in the record, however, the court should not accord the non-moving party the benefit of "unreasonable inferences, or inferences at war with undisputed facts." *County of Suffolk* v. *Long Island Lighting Co.*, 907 F.2d 1295, 1318 (2d Cir. 1990)).  Moreover, "[t]hough [the Court] must accept as true the allegations of the party defending against the summary judgment motion, ... conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."  *Kulak* v. *City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citation omitted) (citing *Matsushita*, 475 U.S. at 587).

## B.     Analysis

Arbitral awards are not self-enforcing; they are "given force and effect by being converted to judicial orders by courts."  *D.H. Blair & Co., Inc.*, 462 F.3d at 104.  Qin offers four reasons why this Court should not give the CIETAC Award legal effect in the United States under the New York Convention: (i) the Supplemental Agreement is not valid; (ii) Qin was not given proper notice of the arbitration and was otherwise unable to present his case; (iii) the arbitration was not conducted in accordance with the terms of the Supplemental Agreement, and (iv) enforcing the award would contravene U.S. public policy. (Resp. Br. 13).  As discussed in the remainder of this section, none of these reasons is availing.

### 1.     The Supplemental Agreement Was Valid

Qin first opposes the confirmation of the award under Article V(1)(a) of the New York Convention, which permits courts to refuse to enforce an arbitral

13

award if the underlying arbitration agreement "is not valid under the law to which the parties have subjected it."  New York Convention art. V(1)(a). Specifically, Qin asserts that the Supplemental Agreement is invalid under Chinese law because (i) it was not signed by all parties to the Capital Increase Agreements[6] and (ii) it imposes obligations on him that he cannot perform. (Resp. Br. 14-16).

Qin's failure to identify any Chinese authority to support these theories is fatal to his Article V(1)(a) defense.  "To invoke [Article V(1)(a)], the party opposing enforcement must furnish the court with … proof that the parties' agreement did not constitute a valid arbitration agreement under [governing] law."  *Henry* v. *Murphy*, No. M-82 (JFK), 2002 WL 24307, at *3 (S.D.N.Y. Jan. 8, 2002).  Courts thus routinely reject Article V(1)(a) defenses where the respondent does not provide any source of governing law to consider in making their rulings.  *See, e.g.*, *id.* (denying Article V(1)(a) defense because respondent provided "no support" for his assertion of invalidity); *Arbitration Between Overseas Cosmos, Inc. & NR Vessel Corp.*, No. 97 Civ. 5898 (DC), 1997 WL 757041, at *3 (S.D.N.Y. Dec. 8, 1996) ("Respondent has utterly failed … to cite any persuasive authority to support its position that the underlying agreement between the parties is unenforceable under English law."); *Skandia Am. Reins. Corp.* v. *Seguros Law Republica*, No. 96 Civ. 2289 (SS), 1996 WL 622559, at *6

---

[6]    The Capital Increase Agreements were signed by SMI Shengdian, SMI International, Chengdu Run Yun, and Petitioners.  (Resp. 56.1 ¶ 8).  The Supplemental Agreement was signed by SMI Shengdian, Qin, and Petitioners.  (*Id.* at ¶ 9).  Qin argues that the absence of the signatures of Chengdu Run Yun and SMI International on the Supplemental Agreement invalidates the supplement.  (Resp. Br. 14-15).

14

(S.D.N.Y. Sept. 20, 1996) (denying Article V(1)(a) defense because respondent "proffered absolutely no proof" of contract invalidity). The Capital Increase Agreements and the Supplemental Agreement clearly provide that Chinese law governs disputes between Chengdu Run Yun, its owners, and its investors. (*See, e.g.*, Huirongsheng Agreement art. 14.1 ("The validity, interpretation and implementation of this Agreement and the settlement of disputes arising from this Agreement shall be governed by Chinese laws."); Supplemental Agreement art. 14.1 ("The conclusion, entry into force, performance, interpretation, modification, dispute resolution and termination of this Agreement shall be governed by the current Chinese laws, administrative regulations and rules.")). Qin does not offer a single source —Chinese or otherwise — to prove that the Supplemental Agreement is invalid due to either lack of signatures or impossibility, and this Court's research discloses none. In the absence of this authority, Qin's Article V(1)(a) defenses fail.

Qin's theory fails for a second reason. Qin maintains that the Supplemental Agreement cannot validly be enforced against him because he is not an original shareholder of Chengdu Run Yun. (Resp. Br. 15-16). To review, the Supplemental Agreement's buyback provision requires Chengdu Run Yun's "original shareholders" to repurchase Petitioners' stock if certain triggering events occur. (Supplemental Agreement art. 4). Qin reasons that he is not an original shareholder because he never directly owned equity in Chengdu Run Yun, and instead merely controlled the companies that held Chengdu Run Yun's stock. (Resp. Br. 14-16). However framed, Qin's

15

argument is not one about contract validity, but rather is an attempt to relitigate the substance of the arbitral panel's findings.

The merits of the underlying arbitration are beyond the scope of this Court's review, as the Second Circuit has made clear:

> A reviewing court may not vacate an award "merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached."

*Matthew* v. *Papua New Guinea*, 398 F. App'x 646, 648 (2d Cir. 2010) (summary order) (quoting *Stolt-Nielsen S.A.* v. *AnimalFeeds Int'l Corp.*, 548 F.3d 85, 92 (2d Cir. 2008)). It does not matter whether this Court agrees with the arbitrators' interpretation of the Supplemental Agreement; so long as the panel considered the issue and reached a plausible conclusion, its determination controls. *See HDI Glob. SE* v. *Phillips 66 Co.*, No. 20 Civ. 631 (RMB) (GWG), 2020 WL 2415588, at *3 (S.D.N.Y. May 12, 2020) ("Whether the Panel's interpretation of the Contract or [Respondent's] interpretation of it is correct is immaterial — Courts do not have the power to review the merits of arbitrators' contract interpretations." (internal quotation marks and citations omitted)).

The CIETAC panel more than satisfied this minimal requirement. To interpret the phrase "original shareholders" in the Supplemental Agreement, the panel looked to the text of the provision, the relationship of the provision to the contract as a whole, and the parties' intent in contracting. (CIETAC Award 42-45). In light of these considerations, it concluded that "original shareholders" did "not merely refer to registered shareholders of [Chengdu Run

16

Yun] on the date of signing the agreement, but also include[s] actual controller

Qin Hui," due to his majority stake in both of Chengdu Run Yun's

shareholders.  (*Id.* at 44).  Although perhaps not the only way to interpret the

phrase, the arbitrators' conclusion is certainly supportable.  *See Stati* v.

*Republic of Kazakhstan*, 302 F. Supp. 3d 187, 204 (D.D.C. 2018) (rejecting

respondent's argument that award should not be enforced because petitioner

was not an "investor" under investment agreement at issue because there was

"no reason to second-guess the tribunal's conclusion" under the court's

"extremely limited" review).  Qin thus has not met his burden under Article

V(1)(a).

### 2.  **Qin Was Able to Present His Case**

Qin next invokes Article V(1)(b) of the New York Convention, which

provides a defense to enforcement where "[t]he party against whom the award

is invoked was not given proper notice of the appointment of the arbitrator or of

the arbitration proceedings or was otherwise unable to present his case."  New

York Convention art. V(1)(b).  Article V(1)(b) "essentially sanctions the

application of the forum state's standards of due process."  *Iran Aircraft Indus.*

v. *Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992) (quoting *Parsons & Whittemore*

*Overseas Co., Inc.* v. *Societe Generale De L'Industrie du Papier (RAKTA)*, 508

F.2d 969, 975 (2d Cir. 1974)).  In the United States, the "[t]he fundamental

requirement of due process is the opportunity to be heard 'at a meaningful time

and in a meaningful manner.'"  *Id.* at 146 (quoting *Mathews* v. *Eldridge*, 424

U.S. 319, 333 (1976)).  Key to this requirement is "notice reasonably

calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an opportunity to present [his] objections." *Mullane* v. *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The procedures CIETAC used to serve Qin were not "fundamentally unfair" such that they violated due process. *See Abu Dhabi Inv. Auth.* v. *Citigroup, Inc.*, No. 12 Civ. 283 (GBD), 2013 WL 789642, at *7 (S.D.N.Y. Mar. 4, 2013) (citing *Tempo Shain Corp.* v. *Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997)). To review, CIETAC's first two attempts to serve Qin by mail were unsuccessful. (CIETAC Award 1-2). The third time CIETAC attempted to serve Qin, it mailed notice to the North Alley Address, which is the address attributed to Qin on the Supplemental Agreement. (*Id.* at 2). CIETAC also verified that the documents were duly served on Qin on that attempt. (*Id.*).

Mailing notice to Qin at this address was not unreasonable under the circumstances. Although notice is a fact-specific inquiry, mailing notice to a party's known address is widely accepted as constitutionally sufficient. *Weigner* v. *City of New York,* 852 F.2d 646, 650 (2d Cir. 1988) ("[T]he Supreme Court has consistently held that mailed notice satisfies the requirements of due process."). At least one other Court in this Circuit has found that mailing arbitration documents to an address listed in the underlying agreement is sufficient notice under the New York Convention. *See Tianjin Port Free Trade Zone Int'l Trade Serv. Co., Ltd.* v. *Tiancheng Chempharm, Inc.*, No. 17 Civ. 4130 (JS) (AYS), 2018 WL 2436990, at *4 (E.D.N.Y. May 30, 2018). And the fact that Qin contacted CIETAC to request additional copies of the arbitration

18

documents (CIETAC Award 3), suggests that he was aware of the proceeding. *See CBF Industria de Gusa S/A* v. *Amci Holdings, Inc.*, 316 F. Supp. 3d 635, 653 (S.D.N.Y. 2018) (considering an arbitral respondent's request for additional time to answer an initial pleading "evidence that [the respondent] was provided proper notice of the Arbitration").

To the extent that Qin challenges CIETAC's conclusion that the third attempt at service complied with the arbitration rules (*see* Resp. Br. 20-21), the Court defers to the panel's conclusion that "all documents and written notices pertaining to this case have been effectively served by the Arbitration Court on all the parties according to provisions of Article 8 of the Arbitration Rules" (CIETAC Award 5). After all, it is for "arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration …. includ[ing] the satisfaction of prerequisites such as … notice." *BG Grp., PLC* v. *Republic of Argentina*, 572 U.S. 25, 34-35 (2014) (internal quotation omitted). Qin has not met his heavy burden of proving improper notice.

Qin also has not shown *that* he was "otherwise unable to present his case" to the arbitration panel. See New York Convention art. V(1)(b). Qin repeatedly asserts that the panel "[did] not even entertain[]" his counsel's arguments about alleged fraud by Petitioners. (Resp. Br. 27-28; Resp. 56.1 ¶¶ 23, 25-27, 31, 40). But he fails to back this assertion up with the "specific facts" required to survive summary judgment. *Anderson*, 477 U.S. at 248. The CIETAC Award explicitly acknowledges that Qin's counsel made this fraud

19

argument to the panel.  (CIETAC Award 16-18).  The panel found the argument

beyond the scope of the contract interpretation issues the parties agreed to

submit to arbitration.  (*Id.* at 41-42).  "That Respondent still does not agree

with the Arbitral [panel]'s decision does not mean he was deprived [of] a fair

opportunity to present his case."  *BSH Hausgeräte GMBH* v. *Kamhi*, 291 F.

Supp. 3d 437, 442 (S.D.N.Y. 2018).

Qin also briefly notes that he was not permitted to present witness

testimony to the panel.  (Resp. 56.1 ¶ 23).  This procedural right is not always

required by due process: "[I]nability to produce one's witnesses before an

arbitral tribunal is a risk inherent in an agreement to submit to arbitration.  By

agreeing to submit disputes to arbitration, a party relinquishes his courtroom

rights — including that to subpoena witnesses — in favor of arbitration 'with

all of its well known advantages and drawbacks.'"  *Parsons*, 508 F.2d at 975

(quoting *Wash.-Balt. Newspaper Guild* v. *Wash. Post Co.*, 442 F.2d 1234, 1238

(D.C. Cir. 1971)); *see also Nat'l Football League Mgmt. Council* v. *Nat'l Football

League Players Ass'n*, 820 F.3d 527, 545 (2d Cir. 2016) ("It is well settled that

procedural questions that arise during arbitration, such as which witnesses to

hear and which evidence to receive or exclude, are left to the sound discretion

of the arbitrator and should not be second-guessed by the courts.").

In sum, Qin has not shown that the arbitral process lacked fundamental

fairness. He was afforded reasonable notice and ample opportunities to present

his evidence and arguments.  Qin's invocation of Article V(1)(b) therefore fails.

### 3. Qin's Challenges to the Arbitral Procedure Fail

Qin also opposes the confirmation of the CIETAC Award under Article V(1)(d) of the Convention, which provides that a court may refuse to recognize an arbitration award where "the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties[.]" New York Convention art. V(1)(d); *see also Encyclopaedia Universalis*, 403 F.3d at 91 (noting that, while enforcement of arbitral awards under Article V(1)(d) might "exalt[ ] form over substance ... the fact [remains] that the parties explicitly settled on a form and the New York Convention requires that their commitment be respected").

In this regard, Qin maintains that he was denied his contractual right to appoint an arbitrator to the panel. The Capital Increase Agreements specify that the arbitration panel "shall be composed of three arbitrators, one arbitrator ... appointed by either of the parties to the arbitration, and the chief arbitrator ... appointed by [CIETAC]." (Chuangtai Rongyuan Agreement art. 14.4; Huirongsheng Agreement art. 14.4; Huihengying Agreement art. 14.4). They also provide that arbitration shall be conducted in accordance with CIETAC's rules. (Chuangtai Rongyuan Agreement art. 14.3; Huirongsheng Agreement art. 14.3; Huihengying Agreement art. 14.3). Those rules grant the parties on each side of the arbitration fifteen days to select an arbitrator after receiving notice of the arbitration. (Resp. Br., Ex. A art. 27.1 (Dkt. #28-1)). Failing that, the rules empower CIETAC to appoint an arbitrator in the defaulting party's stead. (*Id.*).

21

That is precisely what occurred in this case. After Petitioners commenced the arbitration, Qin and the other Arbitral Respondents failed to submit a consensus pick to CIETAC in a timely manner. (CIETAC Award 2). Lacking the Respondents' selection, CIETAC appointed the panel itself. (*Id.*).[7] Qin objected to this appointment in the arbitration, but CIETAC found that the selection process complied with its rules. (*Id.* at 3).

The Court is not persuaded that Qin was denied the process contemplated by the Capital Increase Agreements. By not nominating an arbitrator within the timeframe contemplated by CIETAC's rules, Qin forfeited his right to do so. *See Major League Baseball Props., Inc.* v. *Corporacion de Television y Microonda Rafa, S.A.*, No. 19 Civ. 8669 (MKV), 2020 WL 5518361, at *3 (S.D.N.Y. Sept. 14, 2020) (enforcing arbitral award over similar objection); *Belize Bank Ltd.* v. *Belize*, 191 F. Supp. 3d 26, 36-37 (D.D.C. 2016) (same). The real issue here is not CIETAC's compliance with its own procedures, but rather Qin's alleged failure to receive notice of the pending arbitration. After all, if Qin did not know about the arbitration in July 2020, he could not have timely selected an arbitrator. But as explained in section B.2, *supra*, the Court will not overturn CIETAC's finding that Qin was properly served in June 2020 and could have timely responded to the arbitration notice.

Qin's authorities in support of his argument are inapposite. In *Encyclopaedia Universalis*, the Second Circuit found that a foreign arbitral

---

[7]     It is not clear from the record why Petitioners also did not invoke their right to appoint an arbitrator. What is clear, however, is that CIETAC appointed all three of the panelists. (Resp. 56.1 ¶ 18).

award was not issued in accordance with the process agreed upon by the parties. *See* 403 F.3d at 91. The arbitration agreement in that case provided for a panel of two party-appointed arbitrators and allowed the arbitral tribunal to appoint a third arbitrator only if the first two disagreed on a substantive question and could not agree on the identity of a tiebreaking arbitrator. *Id.* at 90-91. Despite these rules, the tribunal appointed a third arbitrator without first giving the two party-appointed arbitrators an opportunity to select their preferred colleague. *Id.* at 91. This premature nomination "overlook[ed] the agreed-upon arbitral procedures" in violation of Article V(1)(d). *Id.* at 91-92. Unsurprisingly, Qin emphasizes *Encyclopaedia Universalis*'s admonition that the manner of appointing an arbitral panel is "more than a trivial matter of form." (Resp. Br. 22). But there was no similar skirting of procedure here; CIETAC allowed the Arbitral Respondents the full fifteen days provided by its rules before appointing the arbitral panel. (CIETAC Award 2).

*CEEG (Shanghai) Solar Science & Technology Co., Ltd.* v. *Lumos LLC*, 829 F.3d 1201 (10th Cir. 2016), likewise does not compel a ruling in Qin's favor. In that case, which also involved an arbitration conducted by CIETAC in China, a Colorado-based arbitral respondent received notice of an arbitration in Chinese. *Id.* at 1204. By the time the respondent translated the notice to English, the deadline to nominate an arbitrator had passed. *Id.* at 1204-05. The Tenth Circuit refused to confirm the arbitral award, in part because the Chinese-language mailing directly contravened the parties' explicit agreement that any arbitration stemming from their contract would be conducted in

23

English.  *Id.* at 1203, 1207.  *CEEG* is a clear example of disregard for the rules the parties agreed would govern their dispute.  Here, as explained previously, CIETAC followed its rules governing the appointment of arbitrators.  After reviewing Qin's assertions, the Court finds that the arbitral panel was properly constituted.

Qin raises another objection to the arbitral process, this time saying that Petitioners failed to comply with their contractual obligation to attempt to settle their dispute before resorting to arbitration.  (Resp. Br. 17).  Unlike the prior objection, however, Qin did not raise this complaint to the arbitration panel.  By failing to make this argument in arbitration, Qin forfeited his right to make it in this confirmation proceeding.  *See ConnTech Dev't Co.* v. *Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 685 (2d Cir. 1996) ("[B]y waiting … to raise this argument before the district court, [respondent] waived the right to object on the basis of [petitioner's] alleged violation of a condition precedent [to arbitration].").

Qin has not shown that "the composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties," and as such the Court may not disregard the CIETAC Award under New York Convention Article V(1)(d).

### 4. Public Policy Considerations Support Confirming the Award

Finally, Qin points to Article V(2)(b) of the Convention, which permits courts to decline to confirm an award if "recognition or enforcement of the award would be contrary to the public policy" of the United States.  New York

Convention art. V(2)(b).  Given the New York Convention's preference for enforcement and concerns that foreign courts will routinely refuse to confirm American arbitral awards on policy grounds, this defense is construed very narrowly.  *See Parsons*, 508 F.2d at 973-74.  It applies "only where enforcement would violate our most basic notions of morality and justice." *Europcar Italia, S.p.A*, 156 F.3d at 315 (internal citations and quotation marks omitted).  Moreover, the public policy at stake must be "well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *Yukos Capital S.A.R.L.* v. *OAO Samaraneftegaz*, 963 F. Supp. 2d 289, 299 (S.D.N.Y. 2013) (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 30 (1987)); *see also Parsons*, 508 F.2d at 974 ("To read the public policy defense as a parochial device protective of national political interests would seriously undermine the Convention's utility.").

Qin advances two theories of why the CIETAC Award violates U.S. public policy, neither of which succeeds.  He first asserts that confirming the CIETAC Award would assist Petitioners' wrongful scheme to misappropriate Chengdu Run Yun's assets and claims that it is "against public policy to use the courts as a means to perpetrate fraud."  (Resp. Br. 27).  But Qin does not identify any "well-defined" basis in American law to support this broad articulation of policy.  *See Yukos Capital S.A.R.L.*, 963 F. Supp. at 299.  Because the party opposing confirmation of a foreign arbitral award bears the burden of proof, *Telenor Mobile Commc'ns AS*, 584 F.3d at 405, this total lack of authority is

25

fatal to Qin's claim, *see DiRussa* v. *Dean Witter Reynolds Inc.*, 121 F.3d 818, 825 (2d Cir. 1997) (declining to find public policy because sources offered by respondent were "far from clear"); *see also United Paperworkers Int'l Union,* 484 U.S. at 44 (reversing finding that arbitration violated public policy because lower court "made no attempt to review existing laws and legal precedents in order to demonstrate that they establish a 'well-defined and dominant' policy").

Qin's second public policy theory is better presented. He argues that the award cannot be enforced because it was entered by a biased arbitration panel. (Resp. Br. 28-30). As support, he offers a United Nations guide interpreting the New York Convention as the source for this policy interest. (*See id.* at 28 (citing U.N. COMM'N ON INT'L TRADE L., GUIDE ON CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS, at 197, U.N. Sales No. E.16.V.7 (2016)). This guide alone likely does not define U.S. public policy; it was published by an international organization and is not codified in an American statute or caselaw. However, the Second Circuit has acknowledged that an arbitral award obtained by fraud "might violate public policy and therefore preclude enforcement." *Europcar Italia, S.p.A.*, 156 F.3d at 315. Thus, Qin has arguably identified a relevant policy interest.

Qin's argument fails for a different reason: he has failed to identify specific facts that would make arbitrator bias a genuine issue for trial. He asserts that Xiuming Tao, an original member of the CIETAC panel, is a managing partner at a law firm that employs attorneys who also serve on the boards of Petitioners' parent companies, and that this affiliation predisposes

Tao to resolve the arbitration in Petitioners' favor.  (Resp. Br. 29).  But Qin also acknowledges that Tao resigned from the arbitration panel in September 2020 — only a month after his appointment — and did not participate in hearing or deciding the case.  (Resp. 56.1 ¶ 20).  Qin alleges that Tao nonetheless "may have significantly impacted the opinions of the other arbitrators."  (Resp. Br. 29).  While a biased arbitrator is a legitimate cause for concern, this "conclusory allegation" is not enough to create a genuine issue of disputed fact.  *Fujitsu Ltd.* v. *Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001); *see also Pompano-Windy City Partners, Ltd.* v. *Bear Stearns & Co., Inc.*, 794 F. Supp. 1265, 1278-79 (S.D.N.Y. 1992) ("[C]onclusory allegations of bias[ ] and dissatisfaction with the result of arbitration are not sufficient bases for vacating an award."); *Beljakovic* v. *Melohn Props., Inc.*, No. 04 Civ. 3694 (JMF), 2012 WL 5429438, at *3 (S.D.N.Y. Nov. 7, 2012) ("To the extent that Petitioner alleges that [the arbitrator] was biased against him, his claim fails, as he offers no evidence of [the arbitrator's] bias, partiality, or corruption beyond conclusory statements and speculation."), *aff'd*, 542 F. App'x 72 (2d Cir. 2013) (summary order).  Without a more concrete allegation of how bias infected the proceedings, a jury could not find that the arbitral award was obtained by fraud.

This is not one of the rare circumstances in which enforcing a foreign arbitral award "would violate our most basic notions of morality and justice."  *Europcar Italia, S.p.A*, 156 F.3d at 315.  Consequently, Qin's invocation of Article V(2)(b) of the New York Convention fails.

27

**CONCLUSION**

For the foregoing reasons, Petitioners' motion for summary judgment on their petition to confirm the foreign arbitration award is GRANTED. The Clerk of Court is directed to terminate the motion at docket entry 15.

Petitioners are hereby directed to submit a proposed judgment, consistent with the CIETAC Award, within fourteen days. That judgment shall calculate all amounts in U.S. dollars, converted from Renminbi as of the date of submission. *See Comm'ns Imp. Exp. S.A.* v. *Republic of the Congo*, No. 14 Misc. 187 (AJN), 2020 WL 4040753, at *2 (S.D.N.Y. July 17, 2020) (noting that, under New York law, the "judgment ... shall be converted into currency of the United States at the rate of exchange prevailing on the date of entry of the judgment or decree" (citing N.Y. Jud. Law § 27(b)).

SO ORDERED.

Dated:   September 26, 2022
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

28

# Exhibit D

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

HUZHOU CHUANGTAI RONGYUAN      :
INVESTMENT MANAGEMENT      :
PARTNERSHIP, HUZHOU HUIHENGYING  :
EQUITY INVESTMENT PARTNERSHIP, and :
HUZHOU HUIRONGSHENG EQUITY    :
INVESTMENT PARTNERSHIP,        :
                      :       21 Civ. 9221 (KPF)
            Petitioners,  :
                      :      **JUDGMENT**
           v.          :
                      :
HUI QIN,                  :
                      :
            Respondent.  :

------------------------------------------------------------------x

It is HEREBY ORDERED, ADJUDGED, AND DECREED: That for the reasons stated in the Court's Opinion and Order dated September 26, 2022 (Dkt. #44), the Award of the CIETAC Tribunal dated April 22, 2021 ("CIETAC Award") (Dkt. #7-2) is CONFIRMED; and

JUDGMENT IS HEREBY ENTERED on the CIETAC Award in favor of Petitioners Huzhou Chuangtai Rongyuan Investment Management Partnership ("Chuangtai Rongyuan"), Huzhou Huihengying Equity Investment Partnership ("Huihengying"), and Huzhou Huirongsheng Equity Investment Partnership ("Huirongsheng") and against Respondent Hui Qin ("Qin") as follows:

1. For money damages in favor of Petitioners in the following aggregate amounts (representing the totals granted in the Award as calculated below):

   - Judgment for Petitioner Chuangtai Rongyuan:
     **$148,648,643.71,** plus ongoing contractual daily interest of **$29,311.88.**

   - Judgment for Petitioner Huihengying:
     **$147,428,491.49,** plus ongoing contractual daily interest of **$29,348.48.**

   - Judgment for Petitioner Huirongsheng:
     **$147,382,728.28,** plus ongoing contractual daily interest of **$29,350.67.**

a. Equity acquisition prices to the Petitioners to acquire the 3.12% equity held by each of the Petitioners in Chengdu Run Yun Culture Communications Co., Ltd. ("Chengdu Run Yun") (calculated using the RMB ¥500,000,000.00 acquisition prices paid by each Petitioner × (1 + 15% × n/360) - RMB ¥10,000,000.00, n = the number of the days from the investment dates for each Petitioner – May 8, June 26 and June 28, 2017, respectively – to the date of payment), the amounts of which are as follows as of October 5, 2022:

    i. To Petitioner Chuangtai Rongyuan: $126,739,038.79 (representing RMB ¥901,875,000.00 converted into U.S. dollars at the 7.1160 exchange rate);

    ii. To Petitioner Huihengying: $125,304,478.17 (representing RMB ¥891,666,666.67 converted into U.S. dollars at the 7.1160 exchange rate); and

    iii. To Petitioner Huirongsheng: $125,245,924.68 (representing RMB ¥891,250,000.00 converted into U.S. dollars at the 7.1160 exchange rate).

b. $21,079,258.01 (representing RMB ¥150,000,000 converted into U.S. dollars at the 7.1160 exchange rate) in damages to each of the Petitioners for delayed payment of the equity acquisition prices;

c. The return of security deposits to each of the Petitioners (in the amounts of RMB ¥1,000,000.00, RMB ¥2,041,666.67, and RMB ¥2,104,166.67, respectively), plus 9% interest until such security deposits are paid in full (calculated from the payment dates – May 9, June 28, and July 1, 2017, respectively). As of October 5, 2022, the amounts of security deposits, plus ongoing interest of 9% per annum, are as follows:

    i. To Petitioner Chuangtai Rongyuan: $209,949.41 (representing RMB ¥1,494,000.00 converted into U.S. dollars at the 7.1160 exchange rate);

    ii. To Petitioner Huihengying: $425,060.31 (representing RMB ¥3,024,729.17 converted into U.S. dollars at the 7.1160 exchange rate); and

    iii. To Petitioner Huirongsheng: $437,850.59 (representing RMB ¥3,115,744.80 converted into U.S. dollars at the 7.1160 exchange rate).

d. Reimbursement of expenses Petitioners incurred in the arbitration proceeding, in the amount of:

    i. To Petitioner Chuangtai Rongyuan: $43,797.92 (representing RMB ¥311,666 converted into U.S. dollars at the 7.1160 exchange rate);

     ii.    To Petitioner Huihengying: $43,095.42 (representing RMB ¥306,667 converted into U.S. dollars at the 7.1160 exchange rate); and

     iii.   To Petitioner Huirongsheng: $43,095.42 (representing RMB ¥306,667 converted into U.S. dollars at the 7.1160 exchange rate).

  e.  Reimbursement of the arbitration fees paid to the Arbitration Commission, in the amount of $1,729,798.74 (representing RMB ¥12,309,247.80 converted into U.S. dollars at the 7.1160 exchange rate), split equally among the Petitioners.

2. For specific performance, ordering Qin to transfer the 5% of equity in Chengdu Run Yun held by Qin and Shenzhen SMI Shengdian Cultural and Media Group Co., Ltd. to the Petitioners, to be evenly distributed among the Petitioners.

This judgment shall accrue post-judgment interest as mandated in 28 U.S.C. § 1961.

Dated: October 11, 2022
     New York, New York

_____
     KATHERINE POLK FAILLA
     United Stated District Judge

3

# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUZHOU CHUANGTAI RONGYUAN INVESTMENT
MANAGEMENT PARTNERSHIP; HUZHOU
HUIHENGYING EQUITY INVESTMENT
PARTNERSHIP; and HUZHOU HUIRONGSHENG
EQUITY INVESTMENT PARTNERSHIP,

Petitioners,

-v.-

HUI QIN,

Respondent.

21 Civ. 9221 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Petitioners brought this action to enforce a multi-hundred-million-dollar judgment awarded to them in a Chinese arbitration. The Court previously confirmed the Chinese arbitral award and granted summary judgment to Petitioners by Opinion and Order dated September 26, 2022. Respondent now asks the Court to reconsider a portion of that decision and vacate its prior judgment. For the reasons that follow, the Court corrects a factual mistake in its original Opinion that was occasioned by an unfortunate redaction in the parties' summary judgment submissions, but declines to reconsider its original legal conclusion.

## BACKGROUND[1]

### A.    Factual Background

The Court assumes familiarity with the facts of this case, which facts are recounted at length in its summary judgment Opinion.  *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship* v. *Qin*, No. 21 Civ. 9221 (KPF), 2022 WL 4485277 (S.D.N.Y. Sept. 26, 2022).  Only the facts relevant to Respondent's notice of the arbitration — the subject of the instant motion — are recounted here.  The facts that follow supplement, and in one instance correct, the Court's initial telling of the facts.

CIETAC, the Chinese arbitral authority that issued the underlying award for Petitioners, thrice endeavored to notify Respondent of the arbitration by mail.  On May 26, 2020, it mailed a notice of the arbitration to Respondent at 18B, 14F, Building 1, Beili, Yijingyuan, Chaoyang District, Beijing (the "Building Address").  (*See* Lee Decl., Ex. 1).  The Supplemental Agreement

---

[1]    The Court adopts the naming and citation conventions defined in its September 26, 2022 Opinion and Order granting summary judgment to Petitioners.  *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship* v. *Qin*, No. 21 Civ. 9221 (KPF), 2022 WL 4485277, at *1 n.1 (S.D.N.Y. Sept. 26, 2022).  The Court draws facts from the parties' submissions in connection with both the motion for summary judgment (Dkt. #15) and the instant motion, including the Declaration of Hui Qin and its exhibits (Dkt. #33 ("Qin Decl.")); the Declarations of Carol Lee and their exhibits (Dkt. #37 ("Lee Decl."); Dkt. #81 ("Lee Recon. Decl.")); the Declaration of Xingtong Zhang and its exhibits (Dkt. #68 ("Zhang Recon. Decl.")), including the unredacted English translation of the Supplemental Agreement (Dkt. #68-5 ("Supplemental Agreement")) and the unredacted English version of the underlying arbitral award (Dkt. #68-3 ("CIETAC Award")); and the Declaration of Yun Peng and its exhibits (Dkt. #69 ("Peng Recon. Decl.")).  Any additional facts sourced from the declarations and their accompanying exhibits are cited using the convention "[Name] Decl., Ex. [ ]."

The Court refers to Respondent's brief in support of his motion to vacate the summary judgment Opinion and resulting judgment as "Resp. Recon. Br." (Dkt. #67); to Petitioners' brief in opposition as "Pet. Recon. Opp." (Dkt. #82); and to Respondent's reply as "Resp. Recon. Reply" (Dkt. #88).

attributes this address to Respondent and specifies that notices to that address "shall be deemed as effectively served[.]" (Supplemental Agreement 1; *see also id*. § 12.2). In addition to being listed on the Supplemental Agreement, the Building Address is Respondent's "registered address" with the Chinese government (*see* Pet. Recon. Opp. 6; Resp. Recon. Reply 8 & n.8), though Respondent attests that "the property was sold" and he has not lived there since 2003 (Qin Decl. ¶ 27).[2] CIETAC's mailing to Respondent at the Building Address was "returned by postal services." (CIETAC Award 2).

CIETAC notified Petitioners that the mailing was unsuccessful and prompted them "to reasonably inquire about the valid correspondence addresses" of Respondent and two other arbitral respondents (SMI International and Chengdu Run Yun), whose initial mailings were also returned. (CIETAC Award 2).[3] Petitioners informed CIETAC that Respondent could be served at "9 Xiangjun North Alley, Hujialou Street, Chaoyang District, Beijing" (the "North Alley Address") in care of Yun Peng, or at "Qin Hui, …, Rooms 2015/2016, Floors 18-19, Tower B, No. 2 Jiangtai Road, Chaoyang District, Beijing" (the "Jiangtai Road Address"). (*Id*.). Papers in a separate 2019 Chinese civil lawsuit involving SMI International describe the North Alley

---

[2]    Petitioners give the Court good reason to question the veracity of Respondent's assertions in connection with this motion, including the fact that numerous contemporaneous court documents in other actions attribute the Building Address to Respondent. (*See* Pet. Recon. Opp. 6). Respondent does not contest that the Building Address remains his "registered address" to this day, nor does he specify to whom he sold it or whether he controls that entity. (*See* Resp. Recon. Reply 8-9; Qin Decl. ¶ 27).

[3]    CIETAC's first attempt to serve the remaining arbitral respondent, SMI Shengdian, was successful. (CIETAC Award 2).

Address as SMI International's office address as well as Respondent's

residential and mailing address.  (*See* Qin Decl., Ex. 8).[4]

In or about June or July 2020, CIETAC re-mailed the arbitration notices

to the new addresses provided by Petitioners.  (CIETAC Award 2).  The

documents sent to Respondent at the Jiangtai Road Address were returned by

the postal service, but CIETAC's mailing to Respondent at the North Alley

Address was delivered successfully.  (*Id.*; *see also* Peng Decl., Ex. C (delivery

receipt for service at the North Alley Address)).  The arbitral papers were also

delivered successfully to SMI International and Chengdu Run Yun at the North

Alley Address.  (CIETAC Award 2).  In July 2020, CIETAC gave all parties an

opportunity to confirm their addresses and to object to service.  (*Id.*; *see also*

Lee Decl., Ex. 1).  CIETAC ultimately determined that "all documents and

written notices pertaining to this case have been effectively served by the

Arbitration Court on all parties according to provisions of Article 8 of the

Arbitration Rules."  (CIETAC Award 5).

CIETAC constituted a panel of three arbitrators in August 2020 and the

arbitration proceedings commenced.  (CIETAC Award 2-3).  On November 11,

2020, the day before the case was set to be heard, CIETAC received from

---

[4]     Respondent objects to the Court's consideration of the 2019 suit because Petitioners did
not provide an English translation of the judgment in that action.  (Resp. Recon.
Reply 5).  But Respondent's own submissions to this Court provide the same
information.  Respondent attached to his declaration a copy of objections he raised to
the arbitral panel, in which he acknowledges that the 2019 case attributes the North
Alley Address to SMI International (but contests the accuracy of those papers).  (Qin
Decl., Ex. H).  Even disregarding the Chinese judgment itself, Petitioners' contention is
supported by the record.

Respondent and SMI Shengdian a request to re-send them the arbitration documents, which CIETAC promptly did as a courtesy (and not as a renewed attempt at service). (*Id.*). CIETAC also adjourned the hearing to December 22, 2020. (*Id.*). With the assistance of counsel, Respondent participated in the arbitration. *Qin*, 2022 WL 4485277, at *3. Respondent's counsel in the arbitration also represented the other Arbitral Respondents. (Pet. Recon. Opp. 7). In April 2021, CIETAC issued a written decision largely in favor of Petitioners. *See Qin*, 2022 WL 4485277, at *3 (summarizing the arbitral decision).

## B.    Procedural Background

The Court granted summary judgment for Petitioners on September 26, 2022. *See generally Qin*, 2022 WL 4485277. On October 11, 2022, the Court entered final judgment in favor of Petitioners. (Dkt. #46). Contentious post-judgment discovery followed. The Court does not exhaustively recount Petitioners' collection efforts here, but notes that in the months following the Court's summary judgment decision, Respondent has repeatedly resisted Petitioners' discovery requests and has produced little responsive information. Respondent's post-judgment conduct is the subject of a separate motion for sanctions. (*See* Dkt. #104).

The instant motion was briefed simultaneously with Petitioners' post-judgment discovery efforts. Respondent filed his motion to vacate the judgment and accompanying papers on November 8, 2022. (Dkt. #66-69). Petitioners filed their opposition and accompanying papers on November 28,

2022.  (Dkt. #81-82).  Respondent filed his reply on December 7, 2022.  (Dkt. #88).  The Court now resolves that fully briefed motion.

## DISCUSSION

### Respondent Is Not Entitled to Relief Under Rule 60(b)(1)

#### A.    Applicable Law

Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]"  *Gonzalez* v. *Crosby*, 545 U.S. 524, 528 (2005).  "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments."  *Tapper* v. *Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer* v. *Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  Motions for relief from a judgment under Rule 60 are "committed to the sound discretion of the district court," *Stevens* v. *Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal citation and quotation marks omitted), and are generally granted only upon a showing of "exceptional circumstances," *Ruotolo* v. *City of New York*, 518 F.3d 184, 191 (2d Cir. 2008); *see also Nemaizer,* 793 F.2d at 61 (explaining that although Rule 60(b) "should be broadly construed to do substantial justice, ... final judgments should not be lightly reopened" (citations omitted)).

Under Rule 60(b)(1), a party may seek relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1). The mistake provision "affords a party relief from a material mistake that changed the outcome of the court's judgment."  *In re Bulk Oil (USA), Inc.,* No. 93 Civ. 4492 (PKL), 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (quoting

*Matura* v. *United States,* 189 F.R.D. 86, 89 (S.D.N.Y. 1999))).  It permits the Court to correct its own errors of both fact and law.  *Kemp* v. *United States*, 142 S. Ct. 1856, 1862 (2022); *see also In re 310 Assocs.*, 346 F.3d 31, 34-35 (2d Cir. 2003).  It is not, however, "an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'"  *In re Bulk Oil*, 2007 WL 1121739, at *10 (quoting *Matura,* 189 F.R.D. at 90).  A Rule 60(b)(1) motion must be filed within a year after entry of the challenged judgment.  Fed. R. Civ. P. 60(c)(1).

## B.    Respondent Was Afforded Proper Notice of the Arbitration

Although Respondent originally opposed confirmation of the CIETAC Award on several grounds, he seeks reconsideration of only one: whether he received proper notice of the arbitration.  (Resp. Recon. Br. 13-20).  But, as discussed in the remainder of this section, in fixating on a minor, non-dispositive factual error in the Court's prior Opinion, Respondent misses the forest for the trees.

The New York Convention provides for nonenforcement of a foreign arbitral award where "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case."  New York Convention, Art. V(1)(b).  This defense "essentially sanctions the application of the forum state's standards of due process."  *Iran Aircraft Indus.* v. *Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992) (quoting *Parsons & Whittemore Overseas Co., Inc.* v. *Societe Generale de L'Industrie du Papier (RAKTA),* 508 F.2d 969, 975-76

7

(2d Cir. 1974)).  "Under American standards of due process, a party is entitled
to 'notice reasonably calculated, under all the circumstances, to apprise
interested parties of the pendency of the action and afford them an opportunity
to present their objections.'"  *Pagaduan* v. *Carnival Corp.*, 830 F. App'x 61, 62
(2d Cir. 2020) (summary order) (quoting *Jones* v. *Flowers*, 547 U.S. 220, 226
(2006)); *see also Iran Aircraft Indus.*, 980 F.2d at 146 ("[T]he fundamental
requirement of due process is the opportunity to be heard at a meaningful time
and in a meaningful manner." (quoting *Mathews* v. *Eldridge*, 424 U.S. 319, 333
(1976)).  In evaluating whether notice is reasonably given, the proper inquiry is
whether the party giving notice "acted reasonably in selecting means likely to
inform … not whether [the subject] actually received notice."  *Weigner* v. *City of
New York*, 852 F.2d 646, 649 (2d Cir. 1988).  Because the due process inquiry
requires consideration of the totality of the circumstances, it is necessarily a
fact-specific determination.  *Clermont* v. *Intra-Op Monitoring Servs., LLC*, No. 16
Civ. 6037 (DAB), 2017 WL 2239564, at *6 (S.D.N.Y. Mar. 29, 2017) (citing
*Flowers*, 547 U.S. at 234).

The Article V(1)(b) inquiry is not to be confused with other notice and
service standards.  A party may have sufficient notice to satisfy due process —
and by extension, Article V(1)(b) — even if it was not served with process to the
satisfaction of the Federal Rules of Civil Procedure.  *See Karaha Bodas Co.,
L.L.C.* v. *Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d
274, 299 (5th Cir. 2004) ("The right to due process does not include the
complete set of procedural rights guaranteed by the Federal Rules of Civil

Procedure." (internal quotation omitted)).  Similarly, a party may have sufficient notice to satisfy Article V(1)(b) even if that notice is not sufficient under the rules governing the arbitration itself.  *P.T. Reasuransi Umum Indonesia* v. *Evanston Ins. Co.*, No. 92 Civ. 4263 (MGC), 1992 WL 400733, at *3 (S.D.N.Y. Dec. 23, 1992) (concluding that notice comported with due process even though respondent "was not given proper notice of the commencement of the arbitration proceeding or the appointment of the arbitrators as is required by [the arbitration association's] rules").  Because the due process inquiry is "limited to determining whether the procedure used was fundamentally unfair," *BSH Hausgeräte, GMBH* v. *Kamhi*, 282 F. Supp. 3d 668, 673 (S.D.N.Y. 2017) (quoting *Abu Dhabi Inv. Auth.* v. *Citigroup, Inc.*, No. 12 Civ. 283 (GBD), 2013 WL 789642, at *7 (S.D.N.Y. Mar. 4, 2013), *aff'd*, 557 F. App'x 66 (2d Cir. 2014) (summary order)), it often demands less than either of those two alternative measures of notice.

The Court previously determined that "[t]he procedures CIETAC used to serve [Respondent] were not fundamentally unfair such that they violated due process."  *Qin*, 2022 WL 4485277, at *8 (internal quotation marks omitted).  In so holding, it found CIETAC's three attempts to mail service to Respondent to be constitutionally adequate, particularly because the third mailing was sent "to the North Alley Address, which is the address attributed to [Respondent] on the Supplemental Agreement."  *Id.*  The Court explained that "mailing arbitration documents to an address listed in the underlying agreement is sufficient notice under the New York Convention."  *Id.*  The Court found

additional support for Respondent's awareness of the arbitration in "the fact that [Respondent] contacted CIETAC to request additional copies of the arbitration documents[.]" *Id.*

Respondent believes the Court's initial determination to be in error because, he believes, it was premised on the Court's mistaken understanding that the Supplemental Agreement attributed the North Alley Address to Respondent, when in fact it lists the Building Address. (Resp. Recon. Br. 3-4, 11-12). He further argues that whether service to the Building Address is constitutionally sufficient is a materially disputed fact that defeats summary judgment because both Respondent and Mr. Yun Peng, a Chengdu Run Yun employee to whom the mailing to the North Alley Address was addressed, both attest that they did not actually receive the mailing. (*Id.* at 14-17 (citing Peng Recon. Decl., Ex. A ¶ 5; Qin Decl. ¶ 29)). In response, Petitioners argue that CIETAC's initial mailing to the Building Address alone is constitutionally sufficient notice (Pet. Recon. Opp. 17-22), and that in any event, Respondent had actual notice of the arbitration because he appeared and participated in the proceeding and because he shared counsel with the other Arbitral Respondents (including his wholly-owned company SMI Shengdian), which were served successfully (*id.* at 22-25). Ultimately, Petitioners' legal analysis is the correct one.

The Court takes this opportunity to clarify and correct a factual error in its original Opinion. The Supplemental Agreement attributes to Respondent the Building Address, not the North Alley Address. (*See* Supplemental

Agreement 1).  The Court does not appreciate that this critical fact was redacted in Petitioners' original submissions.

That mislabeling, however, does not change the Court's conclusion that Respondent was afforded proper notice of the arbitration.  Because the Supplemental Agreement states that service on Respondent at the Building Address is adequate (Supplemental Agreement § 12.2), and because Respondent never changed or updated his service address for purposes of that agreement, Petitioners' argument that CIETAC's initial mailing of notice to that address alone satisfies due process is colorable.  *See Yukos Cap. S.A.R.L.* v. *OAO Samaraneftegaz*, 963 F. Supp. 2d 289, 297-98 (S.D.N.Y. 2013), *aff'd*, 592 F. App'x 8 (2d Cir. 2014) (summary order) (noting that it was arbitral respondent's responsibility to inform the arbitral body of any changes to its preferred method of service).  But while mailing notice to an address listed in the parties' underlying agreement typically satisfies due process, once it became clear that the mailing was not delivered, CIETAC had an obligation to "tak[e] additional reasonable steps to notify [Respondent] … if practicable to do so," such as sending the mailing again by a different delivery method.  *Flowers*, 547 U.S. at 234-35; *see also CKR Law LLP* v. *Anderson Invs. Int'l, LLC*, 525 F. Supp. 3d 518, 524-25 (S.D.N.Y. 2021) (deeming proposal to mail service constitutionally insufficient because first attempt to serve documents at same address was unsuccessful).

In line with this obligation, CIETAC took additional, reasonable steps "with due regard for the practicalities and peculiarities of the case[.]"  *Mullane*

11

v. *Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314-15 (1950).  After its first mailing to Respondent was returned, it sent the arbitration notices to Respondent at two alternative addresses (the Jiangtai Road Address and the North Alley Address).  (CIETAC Award 2).  Although its mailing to the Jiangtai Road Address was returned as undeliverable, CIETAC verified that the mailing to the North Alley Address was successful (*id.*), and a delivery receipt for that successful mailing appears in the record (Peng Decl., Ex. C).

Under the circumstances, mailing the notice papers to the Building Address, the Jiangtai Road Address, and the North Alley Address was "reasonably calculated" to apprise Respondent of the proceedings.  *See Pagaduan*, 830 F. App'x at 62.  Petitioners (and CIETAC) had good reason to believe that Respondent could be reached at the North Alley address; They understood it be the address attributed to him in a contemporaneous Chinese civil action, and two companies that he controls — represented by his counsel — accepted service there without objection.  *See Tianjin Port Free Trade Zone Int'l Trade Serv. Co., Ltd.* v. *Tiancheng Chempharm, Inc.*, No. 17 Civ. 4130 (JS) (AYS), 2018 WL 2436990, at *4 (E.D.N.Y. May 30, 2018), *aff'd*, 771 F. App'x 36 (2d Cir. 2019) (summary order) (finding notice proper under the New York Convention where a portion of CIETAC's first mailing to an address listed in the parties' underlying agreement was returned but CIETAC verified delivery of additional mailings to two alternative addresses);[5] *Yukos Cap. S.A.R.L.*, 963

---

[5]     Respondent distinguishes *Tianjin Port* on the grounds that CIETAC's successful alternative mailing in that case was to an address registered to the respondent with the New York Secretary of State.  (Resp. Recon. Br. 16 n.13).  The Court does not deny this

F. Supp. 2d at 297 (finding, based on respondent's unresponsiveness, that it was reasonable for arbitrator to address subsequent notices to respondent's affiliate).  Respondent's Article V(1)(b) challenge fails not because any one attempted mailing is constitutionally sufficient, but because CIETAC's mailing to the address listed in the parties' contract, followed by its mailings to two additional, known addresses meets the relatively low burden imposed by due process.

Adding further support to the Court's conclusion, these notice efforts undeniably resulted in Respondent having an opportunity to appear and present his objections both to service and to the merits of the arbitration. Respondent contacted CIETAC the night before the arbitration was scheduled to occur to request re-mailing of the arbitration documents and an adjournment of the hearing (CIETAC Award 3), evincing that he was actually

---

factual difference.  But while court or arbitral rules may require service to such a registered address, the Constitution is not so exacting.  *Tianjin Port* is instructive because like the present case, it found CIETAC's verified mailing to alternate, known addresses of the respondent to be constitutionally sufficient:

> When some of the materials were returned, CIETAC sent the materials to two other addresses — a Great Neck, New York, address that [respondent] has on file with the New York Department of State as the address to which New York will mail process, and a Bayside, New York, address.  The documents sent to the latter two addresses were not returned, and CIETAC determined that the documents were duly served on [respondent]. [The respondent] nevertheless contends that it never received notice of the arbitration and submits a declaration to that effect. But notice mailed directly to an entity is sufficient to afford it due process, and we agree with the District Court that [respondent]'s declaration does not satisfy the "heavy" burden imposed on a party asserting a defense under the New York Convention.

*Tianjin Port*, 771 F. App'x at 37 (quoting *Encyclopaedia Universalis S.A.* v. *Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005)).  *Tianjin Port* thus turned on the fact that service to the alternative addresses was calculated to provide notice — not the fact that one of the alternative addresses was registered with the government.

13

aware of the arbitration, *see CBF Industria de Gusa S/A* v. *Amci Holdings, Inc.*, 316 F. Supp. 3d 635, 653 (S.D.N.Y. 2018) (considering an arbitral respondent's request for additional time to answer an initial pleading "evidence that [the respondent] was provided proper notice of the [a]rbitration"); *accord Anhui Provincial Imp. & Exp. Corp.* v. *Hart Enters. Int'l, Inc.*, No. 96 Civ. 128 (LAK), 1996 WL 229872, at *3 (S.D.N.Y. May 7, 1996). The arbitral body assented and adjourned the hearing for more than a month. (CIETAC Award 3). At the rescheduled hearing, Respondent had an ample opportunity to participate and present arguments with the assistance of counsel. *See Qin*, 2022 WL 4485277, at *8-9.

Respondent's remaining counterarguments are unavailing. Even accepting Respondent's assertion that his receipt of the mailing at the North Alley Address is a contested fact (Resp. Recon. Br. 14-17), that contest is not material to the due process inquiry. "Due process does not require perfect or actual notice." *Yukos Cap. S.A.R.L.*, 963 F. Supp. 2d at 297; *see also Mullane*, 339 U.S. at 314-15. Respondent has also not shown that he was prejudiced. While a lack of actual notice could explain his failure to nominate an arbitrator of his choosing within the timeframe provided by CIETAC rules, Respondent was afforded the opportunity to challenge the adequacy of service and the composition of the arbitral panel multiple times in the underlying arbitration. (*See, e.g.*, Qin Decl., Ex. 8 (filing raising service objections to CIETAC)). That the arbitral panel ultimately disagreed with Respondent's positions is of no moment. Due process is concerned only with whether there was notice

14

reasonably calculated to permit Respondent to present his objections, not whether those objections ultimately persuaded the arbitral panel.

Because Respondent has still not carried the very heavy burden of proof required to avoid confirmation of a foreign arbitral award, *see D.H. Blair & Co., Inc.* v. *Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006), the Court will not vacate its original judgment.

## CONCLUSION

For the foregoing reasons, Respondent's motion for relief from the judgment is DENIED. The Clerk of Court is directed to terminate the motion at docket entry 66.

SO ORDERED.

Dated:     March 31, 2023
           New York, New York

_____
       KATHERINE POLK FAILLA
       United States District Judge