UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

-------------------------------------------------------------------x

| | | |
|---|---|---|
| Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership, and Huzhou Huirongsheng Equity Investment Partnership, | : : : : : | 23-747 |
| | : | **APPELLANT'S REPLY** |
| | : | **BRIEF IN FURTHER** |
| | : | **SUPPORT OF HIS MOTION** |
| Petitioners-Appellees, | : | **TO STRIKE APPELLEES'** |
| | : | **SUPPLEMENTAL** |
| -v.- | : | **APPENDIX, SEALED** |
| | : | **SUPPLEMENTAL** |
| Hui Qin, | : | **APPENDIX, AND PORTIONS** |
| | : | **OF APPELLEES' BRIEF** |
| Respondent-Appellant. | : | |
| | : | |

-------------------------------------------------------------------x

Petitioners-Appellees'("Petitioners") opposition (ECF 70, "Opp") fails to rebut Respondent-Appellant's ("Qin") showing that the materials at issue on this motion must be stricken. Nowhere do Petitioners dispute—nor can they—that none of the materials Qin seeks to strike were submitted to the District Court *in the briefing of the summary judgment motion or the Rule 60(b) motion that led to the orders now on appeal*. All Petitioners can muster in response is that *some* of the materials happened to be filed elsewhere on the District Court docket at some point after these motions were fully briefed but before the District Court issued its written decision.[1]

---

[1] Petitioners continue to accuse Qin of "hiding" the existence of 89 Chinese civil court judgments that allegedly confirm what no one disputed before the District Court or disputes on appeal: that

1

Petitioners cite not a single authority supporting their far-fetched contention that an entire trial court docket constitutes the "record" for purposes of an appeal of a given order. The Federal Rules of Civil Procedure require that any materials submitted in support of a motion must be accompanied by an affidavit. Fed. R. Civ. P. 47(d). None of the materials Petitioners seek to supplement the record with on appeal were so-submitted; nor was it cited in support of any legal argument in their District Court briefing. Petitioners had the option to seek leave to supplement their briefing in the District Court to the extent that they believed any of this irrelevant material had any bearing on the pending Rule 60(b) motion and should be considered therewith. *See* Failla Individual Rules of Practice 4(B). Petitioners never requested such leave. As such, none of these materials were part of the District Court record on either motion. All of Petitioners' citations to cases referring to a District Court "record" are therefore inapposite. *See* Opp. at 5, 8.

In sum, Petitioners never made any of the arguments before the District Court they now try to advance to this Court, and the District Court never considered or ruled upon them. It is improper to ask this Court to consider and rule on them now.

---

Qin was *formerly associated* with two addresses (the Building Address and Jiangtai Road Address) for which mailed service was returned undelivered. Opp. at 3. Petitioners nowhere explain how the existence of such alleged judgments was "concealed" from them given that Chinese civil court judgments are publicly available (and in fact, Petitioners repeatedly cited a Chinese civil court judgment not among the 89 in their moving papers before the District Court).

2

As a last resort, Petitioners ask this Court to consider these materials as a purported basis to affirm on an independent ground. Opp. at 19 (citing *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016)). *Mitchell*, however, requires "a record sufficient to permit conclusions of law, including grounds not relied upon by the District Court." *Id.* at 77 (quoted at Opp. at 19). As noted above, none of these materials were ever in the record before the District Court. In any event, nothing in Petitioners' brief, Supplemental Appendix, or Sealed Supplemental Appendix contains any material sufficient to permit any conclusion of law (or findings of fact for that matter). No matter how many times Petitioners falsely claim that Qin hid publicly-available evidence from them of his prior residency, the fact remains that the two mailings to these prior residences were returned undelivered and as such, service was constitutionally defective. *Jones v. Flowers*, 547 U.S. 220, 221, 223-34 (2006). The plaintiff in *Jones* also used to live at the address to which service was mailed, and the Supreme Court still found service to that address defective when it *was returned undelivered*. Qin also *never disputed* his association with those two addresses, rendering any evidentiary value of Petitioners' new "evidence" nonexistent. Indeed, in briefing Qin's Rule 60(b) Motion, he confirmed that the Building Address is his "registered address" but not his residential address.[2]

---

[2] *See*, A-1444-45 at fn8 (Darryl K. Jones, *The Neglected Role of International Altruistic Investment in the Chinese Transition Economy*, 36 Geo. Wash. Int'l L. Rev. 71, 146, n. 62 (2004) (explaining that in the PRC, a registered address or "hukou registration" *is "not at all a matter of personal*

3

Nor have Petitioners submitted *anything* to support even an inference that Qin actually received notice of the arbitration as a result of the two undelivered mailings, even if it were appropriate for this Court to engage in factfinding on that issue. Petitioners dispute whether Qin was in China in 2019. Opp. at 14-15. Their "evidence" is far from conclusive, is disputed by Qin, and in any event, China is a very large country. Petitioners' allegations, even if true, do not support a finding that Qin actually received notice of a mailing sent in or about *June 2020* to a specific address in China. Petitioners' submissions are otherwise a hodgepodge of materials that have nothing to do with the underlying arbitration, but rather with the post-judgment enforcement proceeding or other unrelated matters. They are a random assemblage from which Petitioners conclusorily assert that they think Qin is a liar or serial service dodger, and from which they ask this Court to conclude that because (according to Petitioners) Qin evaded service in other cases, he must have evaded service in the underlying arbitration. As already noted in Qin's opening brief, propensity evidence, even if the "evidence" here were anything beyond Petitioners' speculation, is not cognizable under the Federal Rules of Evidence, *see* Fed. R. Evid. 404, let alone sufficient to allow any court to draw a conclusion as a matter of law.

---

*choice,* and that "*[c]hanging one's registration or status is very difficult*"); Daniel A. Austin, Cheng-to Lin (FNa1), *Personal Bankruptcy in the Middle Kingdom: China's Local Pilot Programs and Half of A Bankruptcy System*, 95 Am. Bankr. L.J. 81, 125, n. 267 (2021) (explaining that a "household registration" or "'*hukou*' . . . designates one's place of permanent residence" and that "*[i]t is difficult and complicated to change one's lawful residence, and tens of millions of Chinese workers live away from their registered place of residence.*") (citations omitted; emphasis added)).

4

Finally, Petitioners' claim that calling Qin a liar constitutes an "extraordinary circumstance" allowing this Court to consider extraneous evidence is frivolous and unsupported by law. Opp. at 20-21. They do not cite a single case in which any appellate court found a party's unsupported hunches that the other party was not credible is an "extraordinary circumstance" that warrants supplementing an appellate record. Nor do they cite any caselaw supporting the proposition that an appellate court may deem defective service sufficient because of Petitioners' *post-hoc*, self-serving contention that there was no address where notice could be reasonably calculated to reach Qin. Opp. at 21. That Qin was served in this proceeding fatally undermines this claim.

The issue of whether Qin received actual notice from the undelivered mailings was never raised by Petitioners, never litigated before the District Court, and did not form the basis of either order appealed from. Even the District Court assumed for purposes of its decisions that Qin did not receive actual notice as a result of these undelivered mailings. Petitioners have submitted materials to this Court that are irrelevant to the questions on appeal and that were not part of the record before the District Court. Qin's motion to strike these materials should be granted.

For the above reasons, the Court should strike the Supplemental Appendix and Sealed Supplemental Appendix in their entirety as well as Sections C1-4 and C6, D, E, and F of the Statement of Facts in Appellees' brief.

Dated: November 20, 2023

        Respectfully submitted,
        /s/ Amiad M. Kushner
        AMIAD M. KUSHNER
        XINTONG ZHANG
        SEIDEN LAW LLP
        322 Eighth Avenue, Suite 1200
        New York, New York 10001
        (646) 766-1914

        *Attorneys for Respondent-Appellant*