23-0747-cv
*Huzhou v. Qin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-four.

Present:
        DEBRA ANN LIVINGSTON,
           *Chief Judge*,
        GERARD E. LYNCH,
        MYRNA PÉREZ,
           *Circuit Judges*.

_____

HUZHOU CHUANGTAI RONGYUAN INVESTMENT MANAGEMENT PARTNERSHIP; HUZHOU HUIHENGYING EQUITY INVESTMENT PARTNERSHIP; HUZHOU HUIRONGSHENG EQUITY INVESTMENT PARTNERSHIP,

        *Petitioners-Appellees*,

        v.                            23-0747

HUI QIN,

        *Respondent-Appellant*.

_____

| | |
|---|---|
| For Petitioners-Appellees: | GEOFFREY SANT, Andrew C. Smith Sr., Pillsbury Winthrop Shaw Pittman LLP, New York, NY. |
| For Respondent-Appellant: | AMIAD M. KUSHNER, Jennifer Blecher, Xintong Zhang, Seiden Law LLP, New York, NY. |

Appeal from two judgments of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Respondent-Appellant Hui Qin appeals from two judgments of the district court (Failla, *J.*), dated October 11, 2022 and March 31, 2023, respectively, granting the motion of Huzhou Chuangtai Rongyuan Investment Management Partnership, Huzhou Huihengying Equity Investment Partnership and Huzhou Huirongsheng Equity Investment Partnership (together, "Petitioners") for summary judgment on their petition to confirm a Chinese arbitration award and denying Qin's motion for reconsideration. The arbitration arose from a contract dispute between original shareholders and subsequent investors in Chengdu Run Yun, a Chinese LLC that owns and operates movie theaters. Qin is the full owner or majority shareholder of the two registered shareholders of Chengdu Run Yun. Petitioners commenced the arbitration on March 30, 2020 against SMI Shengdian, SMI International, Chengdu Run Yun, and Qin (together, "Arbitral Respondents") before the China International Economic and Trade Arbitration Commission ("CIETAC"), alleging that the Arbitral Respondents breached their obligations under the parties' Capital Increase Agreement and the Supplemental Agreement. The arbitration resulted in an approximately $450 million award to Petitioners. On appeal, Qin argues that he was not provided adequate notice of the arbitration and was therefore unable to participate in the selection of arbitrators. In addressing this appeal, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

* * *

"In reviewing a district court's confirmation of an arbitral award, we review legal issues *de novo* and findings of fact for clear error." *Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir. 2001) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir. 1997)). Under Article V(1)(d) of the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), it is a defense to enforcement where "[t]he composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place." The New York Arbitration Convention on the Recognition and Enforcement of Foreign Arbitral Awards art. V(1)(d), June 10, 1958, 21 U.S.T. 2517 [hereinafter "New York Convention"]. It is also a defense to enforcement under Article V(1)(b) where "[t]he party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case." *Id.* art. V(1)(b). Article V(1)(b) "essentially sanctions the application of the forum state's standards of due process." *Iran Aircraft Indus. v. Avco Corp.*, 980 F.2d 141, 145 (2d Cir. 1992) (citation omitted). American standards of due process entitle a party to "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). "The party opposing enforcement of an arbitral award has the burden to prove" that a defense to enforcement applies, and "[t]he burden is a heavy one, as the showing required to avoid summary confirmance is high." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005) (citation omitted). "[R]eview of arbitral awards under the New York Convention is very limited in

3

order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Id.* (alterations and citation omitted).

Here, on May 26, 2020, CIETAC initially sent notice and arbitration materials to Qin at 18B, 14F, Building 1, Beili, Yijingyuan, Chaoyang District, Beijing (the "Building Address"). The Supplemental Agreement lists this address as Qin's address and states that notice delivered to this address "shall be deemed as effectively served[.]" Suppl. Agreement § 12.2. CIETAC's mailing to Qin at the Building Address was returned as undelivered. CIETAC Award at 2. Accordingly, CIETAC requested additional correspondence addresses from Petitioners and mailed notice to the two additional addresses provided for Qin: "Qin Hui [redacted], Rooms 2015/2016, Floors 18-19, Tower B, No. 2 Jiangtai Road, Chaoyang District, Beijing" (the "Jiangtai Road Address"), and "Peng Yun [redacted], 9 Xiangjun North Alley, Hujialou Street, Chaoyang District, Beijing" (the "North Alley Address"). *Id.* The documents sent to the Jiangtai Road Address were returned as undelivered, but CIETAC's mailing to the North Alley Address was delivered. *Id.* CIETAC concluded that "all documents and written notices . . . ha[d] been effectively served by the Arbitration Court on all the parties according to provisions of Article 8 of the *Arbitration Rules*." *Id.* at 5. On appeal, Qin argues that notice did not reach him through these efforts and was not reasonably calculated to do so.

For the reasons set forth by the district court in its Opinion and Order dated March 31, 2023, we disagree and conclude that CIETAC made sufficient efforts that were reasonably calculated to provide notice under the circumstances of this case. The Building Address is listed as Qin's address for service in the parties' governing Supplemental Agreement and was never changed. *See* Suppl. Agreement § 12.2. This address is also listed as Qin's registered address on Chinese court judgments dated subsequent to the service attempt. When the Building Address

4

mailing returned undelivered, CIETAC appropriately took "additional reasonable steps" to provide notice, *Jones*, 547 U.S. at 235, by mailing notice to two additional addresses apparently connected to Qin, *see Tianjin Port Free Trade Zone Int'l Trade Serv. Co. v. Tiancheng Chempharm, Inc. USA*, 771 F. App'x 36, 37 (2d Cir. 2019) (unpublished). CIETAC's mailing to the North Alley Address was successfully delivered, as evidenced by a delivery receipt appearing in the record. Moreover, as the district court observed, CIETAC "had good reason to believe that [Qin] could be reached" at that address, since a contemporaneous Chinese civil action attributed the address to a company he controls and because two companies controlled by him and represented by his counsel accepted service there. *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 CIV. 9221 (KPF), 2023 WL 2734433, at *5 (S.D.N.Y. Mar. 31, 2023).

We agree with the district court that the delivery to the North Alley Address, in tandem with CIETAC's efforts to reach the Building and Jiangtai Road Addresses, resulted in "notice reasonably calculated, under all the circumstances," to apprise Qin of the action and afford him an opportunity to participate, satisfying due process. *Jones*, 547 U.S. at 226 (quoting *Mullane*, 339 U.S. at 314). Indeed, that Qin contacted CIETAC shortly before the arbitration was scheduled to begin, obtained an adjournment, and thereafter had "ample opportunity to participate and present arguments with the assistance of counsel," as the district court observed, only further supports this conclusion. *Huzhou Chuangtai Rongyuan Inv. Mgmt. P'ship v. Qin*, No. 21 CIV. 9221 (KPF), 2023 WL 2734433, at *6 (S.D.N.Y. Mar. 31, 2023).

\* \* \*

We have considered Qin's remaining arguments and conclude they lack merit. We therefore **AFFIRM** the district court's judgments. Qin's pending motion to strike is dismissed as

moot because we do not rely on the documents he seeks to strike. Petitioners' motion for sanctions is denied.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6